### STATE *v.* LEE.

1. De Facto Officer.—A jury commissioner whose term of office has expired, and whose successor has been appointed by the governor and confirmed by the senate, may continue to discharge the duties of the office as an officer *de facto* until such successor qualifies according to law.

2. Jury List—Tales Box.—Under a statute requiring a general box and a neighborhood tales box of names of persons from which juries are to be drawn, and permitting the same names within the neighborhood to be put into both boxes, except in the Counties of Orangeburg, &c., names of persons in the vicinity of the court house in Orangeburg County are not excluded from the general box, but the same names should not be placed in both boxes.

3. Recital of Statute.—A certificate of the board of jury commissioners is not fatally erroneous in declaring that the juries had been drawn under the act of 1883 (which has since been superseded), when the facts show that the law as it now stands has been fully complied with.

Before NORTON, J., Orangeburg, January, 1891.

Indictment against William Lee for burglary and larceny. The facts of the case and the ruling of the Circuit Judge are

stated in the opinion. The exceptions considered by the court were as follows:

II. Because his honor erred in holding that, in the preparation of the list, "E. J. Felder was the *de facto* jury commissioner of this county, claiming to be so *de jure*," after finding that his term of office had expired on the 24th day of December, 1890, and that, previous to that time, H. Riggs had been appointed to fill the vacancy then to occur, and had been confirmed by the senate.

V. Because his honor erred in holding that the statute does not require that the names of all persons residing within seven miles of the court house should be excluded from the list of the general box, but merely requires that the name of no juror shall be put in both boxes.

VI. Because his honor erred in holding that the certificate of the board of jury commissioners, showing that the preparation of the list was under the act of 1883, will not vitiate the preparation.

*Messrs. Raysor & Summers*, for appellant.

*Mr. Jervey*, solicitor, contra.

February 1, 1892. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The defendant was arraigned and tried at Orangeburg for burglary and larceny, at the January term, 1891. On being arraigned and before pleading to the indictment, he challenged the array of the entire panel, both grand and petit jurors, upon the grounds: "I. That the jury list for the year 1891, out of which said juries were drawn, was not prepared by H. Riggs, the legally appointed jury commissioner of said county, but by E. J. Felder, whose term of office as jury commissioner had expired, and his successor as aforesaid had been duly appointed and confirmed by the senate. II. That the said jury list was not prepared in the month of December, but the same, and especially the part of said list for the tales box, was prepared on the 2nd day of January, 1891. III. That the said list was prepared by H. H. Riggs, the son of the newly appointed jury

13—35

commissioner, the said jury commissioner not being present. IV. Because the said list was not prepared by the board of jury commissioners of said county. but was prepared by the said H. H. Riggs in the presence of E. J. Felder, the ex-jury commissioner, none of the members of the said board being present. V. That the said jury list was not prepared according to law, in that the names of persons thereon were selected without regard to whether such persons reside within seven miles or more than seven miles from the court house."

To these objections the solicitor demurred, and after argument the judge overruled the demurrer, with leave to traverse the facts. Testimony was then heard by the judge, who found and ruled as follows :

"It appears that E. J. Felder was appointed jury commissioner, and that his term of office expired on December 24, 1890, and that previous to that time H. Riggs had been appointed to fill the vacancy and was confirmed by the senate, but that, for some reason, his commission was not made out until January 8th. The preparation of the jury list is by the joint act of the jury commissioners or a majority of them, and cannot be said to have been prepared by the separate or joint acts of the members of the board until they, or a majority of them. had performed some act tending to make it unalterable. This did not occur until January 2, 1891. In all this preparation E. J. Felder was the *de facto* jury commissioner, claiming to be *de jure,* and was so recognized by the other commissioners and by the other appointee, H. Riggs, who had not then qualified or been commissioned. The act required this preparation to be made in December, 1890, but the weight of the decisions hold such acts to be merely directory, and I hold this one to have been so, and the irregularity therefore is not fatal. No one interfered in the preparation of the work, although H. H. Riggs did some work as an amanuensis. The statute does not require, as the defendant seems to suppose, that the names of all persons living within seven miles of the court house shall be excluded from the list for the general box, but merely requires that the name of no juror shall be put in both boxes, as is permissible in most of the other counties," &c.

He therefore overruled the challenge to the array, holding that the evidence showed that the acts as they now stand have been complied with, and therefore it made no difference what the certificate states. From this ruling the defendant appeals to this court, charging error of law in certain particulars, which, being printed in the "Brief," need not be restated here. The first and fourth involve questions of fact which were decided by the Circuit Judge, and the third and seventh were abandoned at the hearing.

The second exception makes the point that it was error of law to hold that E. J. Felder was the *de facto* jury commissioner of the county, claiming to be so *de jure*, after finding that his term of office had expired on December 24, 1890, and that previous to that time H. Riggs had been appointed to fill the vacancy then to occur, and had been confirmed by the senate. It is true that Felder's term of office expired on December 24, 1890, and that before that time H. Riggs had been appointed to succeed him. It seems that his appointment had been confirmed by the senate, but that he was not qualified and commissioned as such until January 8th, 1891. In that interval Felder continued to discharge the duties of the office, and was recognized as a *de facto* officer by the commissioners and the newly appointed jury commissioner, H. Riggs; and no one interfered in the preparation of the work, H. H. Riggs having only acted as amanuensis.

We concur with the Circuit Judge, that Felder was *de facto* jury commissioner in the interval between the expiration of his term of office and the appointment and qualification of his successor, Riggs. The law prescribes the time within which the jury lists shall be prepared. "The selection of a jury by the jury commissioner before he has taken the oath of office will not be upheld. * * * It is no ground for challenging the array that the jury list was prepared by a commissioner whose term of office had expired; for the acts of a *de facto* commissioner, if regular, will be binding." Thompson & Merriman on Juries, section 138; Hirsch on Juries, section 282. "It is no ground of challenge to the array of the jury, that the jury lists were prepared by a jury commissioner whose term of office had expired, but whose succes-

sor had not been appointed." *State* v. *McJunkin*, 7 S. C., 21. We do not consider that this case is at all inconsistent with the later case of *State* v. *Bryce* (11 S. C., 342), in which it was held that "the chairman of a retiring board of county commissioners has no authority to discharge any of the duties of his office after his successors have been duly elected and qualified." The difference between the case before us and that of Bryce is, that here the new appointee never qualified until the 8th of January, 1891. Until that time it could not be known that he would accept the office. He might decline it.

The fifth exception complains that his honor erred in holding that the statute does not require that the names of all persons residing within seven miles of the court house should be excluded from the list of the general box, but merely requires that the name of no juror shall be put in both boxes. It seems that section 2237 (Gen. Stat.) was amended in 1888, by adding the following provisoes: "That in the Counties of Charleston, Richland, and Orangeburg the names placed in the tales box shall be in addition to and exclusive of the number of names required by law to be placed in the jury box;" and further: "That the names of persons liable to jury duty and living within seven miles of the court house, may be placed both in the regular jury box and in the tales box, except in the Counties of Charleston, Richland, and Orangeburg." The judge held that the statute does not require, as the defendant seems to suppose, that the names of all persons living within seven miles of the court house shall be excluded from the general box, but merely requires that the name of no juror shall be put in both boxes, as is permissible in most of the other counties, &c. We cannot say that this construction was erroneous.

We cannot think that it was a fatal error for the certificate of the board to state that it had been prepared under the act of 1883; when, as found by the Circuit Judge, the facts proved before him showed that all the acts and amendments as they now stand were complied with.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and the appeal dismissed.