7475

### WELCH v. GETZEN.

1. HIGH SCHOOL DISTRICTS—BONDS—TRUSTEES.—So much of the act of 1908, 1119, providing for establishing high school districts out of common school districts as relates to the terms of office of the trustees is directory and the failure of the board to draw lots for their respective terms and to fill any vacancies occurring thereby does not affect the grant of power conferred on the board. Besides the trustees holding over after time for casting lots are *de facto* officers.

2. IBID.—IBID.—TAX.—That an act authorizing school districts to issue bonds does not provide for the levy of a tax to pay them does not effect the bonds.

3. IBID.—IBID.—A common school district voting itself into a high school district, having the power to vote itself out again and to vote off a special levy for high school purposes, cannot thus relieve itself or its pro rata share of any indebtedness incurred by it while in the high school district.

4. IBID.—IBID.—CONSTITUTIONAL LAW.—Where several common school districts unite in forming a high school district, the limit of the bonded debt of the high school district falls under article X, section 5, of the Constitution, and is fifteen per cent. of the total taxable value of the property in the district, including the obligations of the common school district.

Petition in the original jurisdiction of this Court by F. P. Welsh for injunction against J. H. Getzen, Cook McKie and others as trustees of High School District No. 1, of Aiken County.

The petition is:

"The petition of F. P. Welch above named petitioner, respectfully shows unto the Court:

I. "That he is a duly qualified elector, resident and tax-payer of Schultz township, in the county of Aiken and State of South Carolina. That the said township is composed of two common school districts, to wit, District No. 48 and District No. 66.

II. "That in the year of 1907, the said two common school districts, under the high school act of the Legislature

of South Carolina, approved February 19, 1907, were duly and regularly incorporated as a high school district, and petitioner alleges that the said two units are now, and ever since said date, have been a body politic and corporate, with its area and limits coinciding with that of Schultz township, in the said county of Aiken and State aforesaid, and as such high school district, body politic and corporate, is now, and ever since has been authorized to sue and be sued in the Courts of this State.

III. "That when the said high school district was formed in 1907 as aforesaid, the defendants, J. H. Getzen, Cook McKie, Dr. Wade Woodward, C. L. Butler and one R. E. Broadwater, were duly appointed the trustees of said high school district, and the defendant, J. H. Adams as chairman of common school district No. 48, and the defendant, J. L. Barksdale, as chairman of common school district No. 66, are now, and ever since have been *ex officio* members of the said high school board by virtue of the said Act of 1907, authorizing the creation and incorporation of high school districts in this State. That all of the said original trustees are now, and ever since have been on the said high school board, exercising the duties of their office, except the said R. E. Broadwater, who resigned therefrom in the summer of 1909, and the defendant, George Walker, Sr., was duly appointed on the said board to fill the said vacancy.

IV. "Petitioner further alleges that sometimes previous to the year of 1905, a special levy of 4 mills tax was voted and placed upon all taxable property situate and being in the said common school district No. 66, for common school purposes, and the said 4 mills levy has ever since been collected in said district under said levy, and the said levy is now of full force and effect in said school district No. 66 in addition to the regular constitutional school tax. That by virtue of the Act of the Legislature of South Carolina, dated February 18, 1905, 3 mills of the said special levy were, and are now required to be applied to the payment of

11—85

school bonds, amounting to twelve thousand dollars, which said act authorized to be issued for the purposes of purchasing common school grounds and erecting and equipping a proper school house thereon, and by Act of the Legislature of this State, approved February 19, 1908, it was directed that any surplus from the said 4 mills special levy, after the erection and equipment of said building, and after the payment of the annual interest and coupons on the said bonds, should be placed to the credit of Schultz high school district No. 1, of the county of Aiken, to be used by said district.

V. "Petitioner further alleges that by election duly and regularly held under the said high school act of 1907, and as amended in 1908 and 1909 as aforesaid, upon petition of freeholders in said district, an election was duly and regularly held therein, for the purpose of issuing ten thousand dollars of bonds, and to levy a tax of 1 mill on all of the taxable property situate in said high school district No. 1 of Aiken County, for the purpose of erecting a high school building in the said district, which election resulted in favor of issuing said ten thousand dollars of coupon bonds, and the said trustees, as petitioner, is informed and believes, have furnished the County Auditor of Aiken County with a statement of the amount of taxes so levied by said election, and the said County Auditor of Aiken County as petitioner, is informed and believes, has entered the said additional 1 mill tax, levied as aforesaid on the taxable property in said high school district No. 1, of Aiken county, on his tax duplicate, to be collected as other taxes are collected when his books are open for that purpose, but petitioner alleges on information given by reliable counsel, that the said levy of 1 mill tax on all the taxable property of the said high high school district, for the purposes as aforesaid, is illegal, null and void, and that the same should not be enforced for the following reasons, to wit:

(a) "Because the board of trustees of said high school district is not a legal board for the reason that under the

Act of 1907, it is provided that the tenure of the trustees appointed on said board shall be determined by lot, and that one of them shall serve for only two years; two for four years and two for six years; and petitioner is informed that there has never been any drawing by lot to fix the tenure of the said respective trustees, and the Act approved February 27, 1908, requires that when two or more school districts unite and establish a high school, the board of trustees of the common school district in which the high school is located, together with the chairman and chairmen of the other common school district or districts, within the high school territory, shall constitute the high school board of trustees, and as the high school established in high school district No. 1 of Aiken County is located in said school district No. 66, the board of trustees of said district, with the chairman of the board of district No. 48, should constitute the board of trustees of high school district No. 1 of Aiken County as aforesaid.

(b) "Because there is no provision of the law allowing the levy of a special tax in the high school district for the purpose of paying off coupon bonds issued to raise funds for high school purpose in such district.

(c) "Because the law does not provide a way for the County Treasurer to pay such coupons or bonds when due and when presented for payment by the bondholders.

(d) "Because as the law stands either the high school district or any common school district unit thereof has the right at any time to vote off the special levy for high school purposes, or to vote itself out of the high school district. With such power, any such unit of the high school district could relieve itself from further liability to pay bonds theretofore issued and cast the entire debt on the remaining units of the district.

(e) "Because said common school district No. 66 already has a special levy of 4 mills as aforesaid, for common school purposes, and under the high school Acts of 1907 and 1908,

and other school laws, no school district has the power to make the levy for public school purposes, in excess of 4 mills, therefore the levy of this additional mill to pay the bonds about to be issued is in excess of said limit, illegal, null and void.

VI. "That notwithstanding the illegalities pointed out above, and that the said bonds are illegal, null and void, petitioner is informed and believes, that the said board of trustees are advertising the sale of said ten thousand dollars of coupon bonds as aforesaid, and that they will issue the same as soon as they can get a purchaser therefor, and thereby illegally cast a heavy debt upon the taxpayers of said high school district No. 1 of Aiken County. That your petitioner is a taxpayer in said high school district, and is interested in the said matter as such. And that he, and the other taxpayers of said district, will be required to pay the said illegal levy on their said properties, unless the Court will intervene and protect them from such levy. That your petitioner, as he is informed, is without remedy in the premises, unless this honorable Court will interfere and restrain the defendants from proceeding with the issuing of the said bonds.

"Wherefore, your petitioner prays, that this honorable Court will grant an order perpetually enjoining and restraining the defendants from the performance of any acts or further proceedings towards the issuance of the said bonds. And for such other relief as may be just and equitable."

The return is:

"The above named defendants as trustees of Schultz township high school district No. 1 of Aiken County, in obedience to the rule to show cause, issued by this Court on the 3d day of February, 1910, and in answer to the petition of the plaintiff in the above entitled cause, respectfully show unto the Court:

1. "They admit paragraphs 1, 2, 3 and 4 of the petition.

2. "Further answering the petition these defendants admit so much of paragraph 5 thereof, as alleges that an election was duly and regularly held on the 29th day of May, 1909, under the high school law of this State in Schultz township, high school district No. 1 of Aiken County, for the purpose of levying an additional 1 mill tax, and for the issuing of $10,000 of coupon bonds by the said district, for the purpose of erecting a high school building therein, which election resulted in favor of issuing the said bonds and of making the said additional levy of 1 mill tax, and that the said defendants have furnished the County Auditor of Aiken County with a statement of the amount of taxes so levied by the said election, and that the said County Auditor has entered the said additional 1 mill tax on his tax duplicates to be collected along with the other taxes when the books are opened for that purpose. These defendants also admit that through some oversight of theirs, they have never drawn lots to fix their respective terms of office on said board, but they deny so much of said 5th paragraph of the petition as alleges that the bonds voted by the said high school district, and about to be issued by this board, are illegal, null and void for any of the reasons set forth and mentioned in said paragraph of the petition.

3. "Further answering the petition, these defendants admit all of paragraph 6, except so much thereof as alleges that the bonds about to be issued by this board are illegal, and that if the said bonds are sold a heavy debt will be illegally cast upon the taxpayers of the said high school district, and allege that the said bonds are in all respects legal and valid, and that the Acts of the Legislature of this State, under the provisions of which the said bonds were voted, and are about to be issued and sold, are constitutional, and in all respects legal and valid.

"Wherefore, these defendants pray judgment that the petition be dismissed with costs, and for such other relief as may be just and equitable."

*Mr. H. F. Rice,* for petitioner.   Oral argument.

*Mr. J. B. Salley,* contra, same.

March 7, 1910.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an application to the Supreme Court, in the exercise of its original jurisdiction, for an order enjoining the respondents from issuing certain bonds described in the petition herein, which, together with the return or answer of the respondents, will be set out in the report of the case.

The grounds upon which the petitioners pray for the injunction will be considered in regular order.

(a) In disposing of this ground of objection, we desire to call special attention to the following allegations of the petition: "That when the said high school district was formed in 1907, as aforesaid, the defendants, J. H. Getzen, Cook McKie, Dr. Wade Woodward, C. L. Butler and R. E. Broadwater, were duly appointed the trustees of said high school district, and the defendant, J. H. Adams, as chairman of common school district No. 48, and the defendant, J. L. Barksdale, as chairman of common school district No. 66, are now, and ever since have been, *ex officio* members of the said high school board, by virtue of the said Act of 1907, authorizing the creation and incorporation of high school districts in this State. That all of the said original trustees are now, and ever since have been, on the said high school board, exercising the duties of their office, except the said R. E. Broadwater, who resigned therefrom, in the summer of 1909, and the defendant, George Walker, Sr., was duly appointed on the said board to fill the said vacancy."   Thus showing that the failure to comply with the requirement that the tenure of office of five of the trustees shall be determined by lot, only affected the tenure of office of a single trustee.

"The policy of the law is to guard against a failure of

a public service, and a grant of power in the nature of a public office to several, does not, in general, become void, upon the death or disqualification of one or more, provided there is left a sufficient number to confer together."

This principle is specially applicable to the present case, where there has been a failure to comply with a statutory requirement, that is merely directory.

Furthermore, the cases of *State* v. *McJunkin*, 7 S. C., 21; *State* v. *Lce*, 35 S. C., 192, 14 S. E., 395; *State* v. *McGraw*, 35 S. C., 283, 14 S. E., 630, and *Cromer* v. *Boinest*, 27 S. C., 436, 3 S. E., 849, show that the trustee, whose tenure of office would have been for only two years, if lots had been cast, was a *de facto* trustee.

(b) Conceding "that there is no .provision of the law, allowing the levy of a special tax, in the high school district for the purpose of paying off coupon bonds, issued to raise funds for high school purposes in such district," we fail to see why that should be a ground for enjoining the issue of such bonds, as it is not a condition precedent. When bonds are issued, there arises a contract between the purchaser and seller, the obligation of which can not be impaired, as it would be in violation of article 1, section 10, of the United States Constitution, and of article 1, section 8, of the Constitution of South Carolina.

After parties have entered into a valid contract, a remedy for its enforcement will always be found.

(c) This ground is disposed of by what was said in considering (b).

(d) It is unnecessary to cite authorities to sustain the proposition: that neither the high school district, nor any common school district unit thereof, by exercising its right at any time, to vote off the special levy for high school purposes, or to vote itself out of the high school district, can escape liability, for its proportionate part of the indebtedness which it, along with other school districts, has incurred.

(e) The petition alleges that the high school district mentioned in the petition is a body politic and corporate, and authorized to sue and be sued. As such, it is a distinct entity from the two common school districts, out of which it was created; and, the fact that common school district No. 66 has already a special levy of 4 mills, which it can not exceed, is no reason why the high school district may not levy a tax of 1 mill.

The Act of 1908 (page 1119) provides, that a high school district shall be authorized to vote a high school tax not exceeding 2 mills by the same rules and under the same terms as special taxes are now voted under section 1208 of the Code of Laws of 1902. And the Act of 1907 (page 521) authorizes such high school district to issue coupon bonds within the constitutional limit (which is declared in article X, section 5 of the Constitution) for the purposes therein mentioned.

Section 5, article X, of the Constitution provides, that "whenever there shall be several political divisions or municipal corporations, covering or extending over the territory, or portions thereof, possessing the power to levy a tax, or contract a debt, then each of such political divisions or municipal corporations shall so exercise its power to increase its debt, under the foregoing eight per cent. limitation, that the aggregate debt over and upon any territory of this State, shall never exceed fifteen per centum of the value of all taxable property in such territory." Thus showing that the amount of the indebtedness of common school district No. 66 could not affect the indebtedness of the high school district, unless their aggregate indebtedness exceed fifteen per centum of the value of all taxable property in their territory. *Todd* v. *Laurens*, 48 S. C., 395, 26 S. E., 682.

It is the judgment of this Court that the petition be dismissed.