12740

WALPOLE v. WALL, COUNTY SUPERINTENDENT OF EDUCATION

(150 S. E., 760)

108

*Mr. W. C. Wolfe,* for petitioner.

*Mr. L. G. Fultz,* for respondent.

September 27, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an application in the original jurisdiction for a writ of mandamus compelling respondent to approve two school warrants held by the petitioner for salary as teacher in the Bonneau high school, in said county, which warrants are duly signed and approved by all five of the trustees of this high school, but approval by the county superintendent is refused.

The Legislature in 1929 created a high school district in Berkeley County, to be known as "Bonneau High School District," see Act 341, p. 729, this act being approved and effective March 4, 1929.

Prior to that time there were, and still are, two school districts in this county designated as districts No. 4½ and

No. 5, the new high school district comprising all of the territory in district No. 4½ and the southern half of district No. 5.

An examination of this act shows that a new high school district is created by legislative authority, and that various administrative details are therein provided.

The Legislature, of course, has plenary power over all such matters, and its action is not to be questioned unless in direct conflict with some constitutional limitation.

The petitioner was a teacher in one of the school districts comprising the new high school district at the time of the creation of the latter by the Legislature, and under the provisions of the act in question was continued as a teacher in the new high school. Her warrants are signed and approved by all of the trustees appointed under the act in question; and hence it is not to be doubted that she was a teacher and rendered the services stated in such warrants, and is therefore entitled to be paid.

The respondent interposes numerous objections, or reasons, in his return supporting his refusal to approve her school warrants, which will be considered in order.

This Court has the power under the Constitution to issue writs of mandamus in its original jurisdiction, and such proceedings are not actions requiring a summons for commencement thereof, as in the case of *quo warranto* and *scire facias,* in which the writ has been abolished and remedy by action substituted by statute. Const. 1895, art. 5, § 4; section 775, Code Civ. Proc. 1922.

The proper procedure is to file a petition upon which the Court or a justice thereof issues a rule to show cause why the writ of mandamus should not issue. *State v. Ansel.* 76 S. C., 396, 57 S. E., 185, 11 Ann. Cas., 613.

It is well settled that a writ of mandamus will issue to require an officer to perform a plain ministerial duty.

The petitioner is a teacher in a high school, and the salaries of teachers in high schools are fixed by law. Section 2732, vol. 3, Code of 1922.

"A salary fixed by law need not be audited." There is no discretion to be exercised, but the salary must be paid. *Marshall v. Starling,* 13 S. C., 262.

When payment of salary is refused, remedy by writ of mandamus is appropriate. *Marshall v. Starling, supra;* High on Extraordinary Remedies, 105.

Counsel for respondent has admitted in open court proper jurisdiction to determine the questions involved in this proceeding; besides, the Court has jurisdiction of the matter, it not being a matter of local concern or administration, but enforcement of rights under a valid contract. *Hughes v. District,* 66 S. C., 276, 44 S. E., 784.

In the approval of a school warrant issued in payment of salary to a teacher in a high school, where such warrant has been issued and duly approved as here by the entire board of trustees, and is consistent with the Act of 1924, page 916, No. 539, the county superintendent of education has no discretionary power to refuse his approval if the district has funds in the treasury to pay such warrant. The purpose of having the county superintendent to approve such warrants is to keep proper records of the receipt and disbursement of school funds by districts and not to allow warrants to go upon the county treasurer unless they be consistent with said act and he has in hand funds applicable to the payment thereof. The county superintendent does not employ teachers nor fix salaries; this is a function of the trustees. Nor is the superintendent, except upon appeal from the trustees, the judge of the quantity or quality of service rendered by the teacher.

In this case, the county treasurer by his return declares that he is in ample funds to pay such warrants; hence the county superintendent should have approved such warrants.

The respondent attacks the Act of 1929 for unconstitutionality upon various grounds. Ordinarily, the Court will not hear an officer to attack an Act of the Legislature for unconstitutionality, nor to interpose such objection to a discharge of official duty imposed by the act. *Fooshe v. Burley,* 80 S. C., 131, 61 S. E., 255, 16 L. R. A., (N. S.), 266.

But waiving this objection, let us examine the several objections interposed by the respondent.

Several of the objections interposed by the respondent are based upon alleged contravention of one or other of the first ten amendments to the Federal Constitution. It has long been settled that the first ten amendments to the Federal Constitution have no application to state government or affairs. *Spies v. Illinois,* 123 U. S., 131, 8 S. Ct., 21, 31 L. Ed., 80; *Eilenbecker v. Plymouth County,* 134 U. S., 31, 10 S. Ct., 424, 33 L. Ed., 801.

The first paragraph of the respondent's return makes objection that petitioner was not elected as a teacher in the new high school, but was elected prior to the enactment of the act creating the new high school district of Bonneau. The language of the act itself completely answers this objection, for it is expressly declared that contracts then existing with teachers should not be affected; and besides the trustees named in the act have issued the school warrants in question, declaring that same are for services as teacher therein.

The second paragraph of the return is evidently based upon the theory that the Act of 1929, creating the Bonneau high school district, is unconstitutional, and hence void; but this objection is without merit, because this act is valid for the purpose declared by the Legislature.

The third objection is that the act in question is void because it contravenes Section 34, Art. 3, of the Constitution of 1895, which among other things forbids

a local or special law relating to the incorporation of school districts.

By a very comprehensive enactment the Legislature has provided for the formation and administration of high school districts in this state. Section 2716 *et seq.*, Vol. 3, Code of 1922.

It is elementary, of course, that the power of the Legislature is plenary in the absence of any constitutional limitation.

The Constitution of 1895 provides that no local or special law shall be enacted incorporating school districts, and further requiring the enactment of general laws wherever deemed proper and best. The Constitution further provides in Section 5, Art. 11, that school districts must be formed by the Legislature with due regard to local conditions and for the welfare of the locality, using the term "suitable" school districts.

Under the decisions of this Court the Act of 1929 is to be regarded as a special provision in the general high school law of the state. *State v. McCaw,* 77 S. C., 356, 58 S. E., 145; *Grocery Co. v. Burnet,* 61 S. C., 205, 39 S. E., 381, 58 L. R. A., 687.

In the general high school law of the state there are special provisions relative to high school districts; if this did not violate the Constitution, then later amendatory acts could not be said to be invalid. *Grocery Co. v. Burnet, supra.*

It will be observed that after adopting a general high school law the Legislature has seen fit to enact the act in question creating a high school district with somewhat different methods of administration, but having the same purpose as the general law; hence it cannot be successfully contended that the Act of 1929 is an exception to or in conflict with the general purposes of the state-wide high school law.

The fourth objection that (a) the persons appointed in the Act of 1929 are not the legal trustees of the district, and (b) that there are no available funds, is also without merit.

The Act of 1929 is valid and the appointment of the trustees therein named is valid, and the persons therein named, having been appointed by the Legislature, constitute the legal board of trustees of this high school district.

As to whether there are available funds, the county treasurer in his return states that the district has money in his hands for payment of the warrants; besides, the respondent in this paragraph of his return admits that the county board has funds with which to pay the warrants, and that he is willing to pay same, but the county treasurer refuses to pay same. Accordingly, the record presents the situation of the teacher holding duly approved warrants (by the trustees). The county superintendent states that he is willing to pay same from funds which are admittedly applicable thereto; and the county treasurer now says he has the money with which to pay the claims and stands ready to do so. This would seem to be a happy solution of the controversy, pay the two warrants, and there is no one now who could object to the issuance of the writ of mandamus.

As to the fifth objection, an examination of the act makes it clear that a new high school district has been created by legislative authority; that five trustees have been appointed by the Legislature; and that subject to the general high school law of the State, as amended by this Act of 1929, this district has been and may continue to function as a high school district.

The Act does not purport to create a new school district, but only a new high school district. Nor is the objection as to inclusion of subjects in the body of the Act not stated in the title sound.

As to the next objection, that some of the trustees appointed by the legislative enactment live in one *common* school district and are appointed trustees

in another *common* school district, we cannot see any force in this contention.

This Act creates *a new high school district,* not a *common* school district. The petitioner is a teacher in the high school. It is not disputed that all of the five trustees live within the area of the new high school district—this conforms to the Constitution.

The contention stated in the sixth objection, that the trustees of the common school districts out of which the new high school district was carved did not ask for nor consent to the formation of the new high school district, is without force.

This was a matter for the Legislature, not the trustees, to determine.

The seventh objection, that no petition for the formation of the new high school district was gotten up or presented, is not valid, because a petition is not a condition precedent in creating a new high school district by the Legislature.

The eighth objection interposed is so general and so manifestly without legal merit that is hardly necessary to discuss same.

The ninth objection, that certain provisions relative to trustees contained in the State-wide high school law conflict with certain porvisions of the Act in question, is not meritorious in view of the fact that the Act of 1929, creating this high school district, is to be deemed a special provision in a general law and amendatory of the general law.

The fact that the area of the new high school district has not yet been surveyed in order to ascertain whether or not the constitutional limitations regarding areas of common school districts has not been affected, as raised in the tenth objection, is too general for consideration and cannot affect the determination of this proceeding, as this Court is bound to assume that the Legislature has acted within the

limits of the Constitution until the contrary is made to appear with certainty.

The objection that bonds, heretofore issued for school purposes by a portion of the same area included in the new high school district, are impaired as matters of contract by the Act under consideration, has been passed upon many time by the Court in principle, as where new counties are formed, the area included in the new high school district will have to pay its proportion of any outstanding bonded indebtedness, and the inclusion of this area in a new district does not relieve such area from its obligation to pay its proportionate share of such bonded indebtedness.

The objection that the old board of trustees, or some of them, have been legislated out of office by the Act in question is without force. School trustees are legislative, not constitutional, officers whose terms may be ended or extended at the will of the Legislature. Section 6, Art. 11, Const. 1895; Section 2601, Vol. 3, Code of 1922.

The answer to the thirteenth objection interposed is that the matters of taxation and administration in school districts is almost entirely within legislative control, and unless the Act complained of clearly contravenes some constitutional limitation the Court is bound to hold it valid. As before observed, the Act in question does not appear to be in conflict with any constitutional provision.

The fourteenth objection is that prior to the passage of the Act of 1929 the trustees of the common school made certain contracts with teachers, not the petitioner, for teaching during the scholastic year 1929-30, which contracts are affected by this Act. This certainly could not be a valid objection to compelling payment of salary due petitioner for teaching last term.

As to the fifteenth objection that in appointing the five trustees named in the Act of 1929 for the newly created Bonneau high school district the Legislature exercised an executive or administrative function; whereas its powers is limited to legislative action.

The power of the Legislature is always plenary; and the Constitution expressly clothes it with the power to appoint or authorize the appointment of school trustees. See Section 6, Art. 11, Const. 1895.

The objection contained in the sixteenth paragraph of the return, that the Act contains unintelligible expressions relative to whether the district is a "common school" or a high school district, cannot be considered in this proceeding; but this would be mere surplusage and could not affect the validity of the Act, which has for its purpose the creation of a new high school district, the appointment of trustees therefor, directions to administration of school matters, and other details.

The seventeenth objection is completely answered by the provision contained in the sixth section of Article 11 of the Constitution of 1895, to wit: "Not less than three trustees for each school district shall be selected from the qualified voters and taxpayers therein, *in such manner and for such terms as the General Assembly may determine.* * * *"

The judgment of the Court is that the prayer of the petitioner be granted, and that a writ of mandamus do issue from this Court requiring and commanding the respondent to approve for payment the warrants referred to in the petition and other warrants of teachers in like situation.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER, and CARTER, concur.