20885

CELANESE CORPORATION, Respondent, v. Pierce W. STRANGE, Jr., David Dillard, Malcolm D. Bragg, as commissioners of Taylors Fire and Sewer District, and Taylors Fire and Sewer District, Appellants. HOMELITE, Respondent, v. Pierce W. STRANGE, Jr., David Dillard, Malcolm D. Bragg, as commissioners of Taylors Fire and Sewer District, and Taylors Fire and Sewer District, Appellants.

(252 S. E. (2d) 137)

*W. H. Arnold,* of *Love, Thornton, Arnold & Thomason,* Greenville, and *Huger Sinkler,* of *Sinkler, Gibbs & Simons,* Charleston, *for appellants.*

*W. Francis Marion, Robert C. Wilson, Jr.,* and *Joseph J. Blake, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondents.*

February 14, 1979.

GREGORY, Justice:

Respondents Celanese Corporation and Homelite, a division of Textron, Inc. brought separate actions challenging the constitutionality of Act No. 1414 of the 1970 Acts of the General Assembly. The lower court found that Act No. 1414 of 1970 violates Article 1 Section 3, Article III Section 34, and Article X Section 1 and Section 5[1] of the Constitution of this State. We hold that Act No. 1414 of 1970 violates Article X Section 1 and Section 5 and affirm.

The appellant Taylors Fire and Sewer District [District] is a special purpose district located in Greenville County. The District was created by Act No. 1099 of the 1958 Acts of the General Assembly as amended by Act No. 1546 of the 1968 Acts of the General Assembly.

Act No. 1414 of 1970 is applicable to the District and provides in part as follows:

Any special service district in Greenville County is hereby authorized to take in any area contiguous to the district. A new area may be added to an existing district in order to receive all or any portion of services furnished by the existing district, and such added area shall pay for such services an amount commensurate to the services received. Before any area shall be taken in any special service district, a majority of the freeholders in the prospective area must petition in writing to the respective special service district requesting that they be taken in the district. . . . A hearing by the commission on the acceptance or rejection of the petition shall be held, but notice of the hearing shall be given at least one week prior to the time the commission acts on the petition by publishing same in a newspaper in the county stating the time, place and purpose of the meeting and clearly

[1] The recent amendments to Article X that became effective November 30, 1977 are inapplicable to this appeal. *Hyder v. Edwards,* 269 S. C. 138, 236 S. E. 2d 561 (1977).

defining the area proposed to be included in the special service district.

Sometime prior to September 14, 1977 a petition or petitions was presented to the Commissioners of the District seeking the annexation of an area to the District for fire protection purposes only. Due notice was given and a hearing on the petition or petitions was scheduled for September 26, 1977. At this hearing the Commissioners of the District voted to annex the area described in the petition or petitions.

Celanese and Homelite are located in the area accepted for annexation, and brought separate actions challenging the constitutionality of Act No. 1414 of 1970. The lower court found that Act No. 1414 violates Article 1 Section 3, Article III Section 34, and Article X Section 1 and Section 5. This appeal by the District followed.

Article X Section 1 and Section 5 require uniform taxation within the territory of the political subdivision imposing the tax. *Distin v. Bolding,* 240 S. C. 545, 126 S. E. (2d) 649 (1962) ; *Ashmore v. Greater Greenville Sewer District,* 211 S. C. 77, 44 S. E. (2d) 88 (1947). Here, the existing portions of the District are taxed at fifty (50) mills, and the newly annexed area will be taxed at only twenty-five (25) mills. The lower court found this to be unequal taxation.

Appellants argue that the charge made against the property in the annexed area is not a tax but a special assessment and, as such, is not restricted by the uniformity requirements of Article X.

The distinction between a tax and a special assessment was stated in *Jackson v. Breeland,* 103 S. C. 184, 88 S. E. 128 (1916), as follows:

"It is very true that in popular parlance, and even in legislative enactments, assessments are frequently called taxes, but courts will look behind mere words to find the real meaning. Taxes, in the strict sense of the word, are imposed upon all property, both real and personal, for the

maintenance of the government, or some division thereof, while assessments are laid only on the property to be benefitted by the proposed improvements. This is the vital distinction running through all the cases." 88 S. E. at 130.

Also in *Evans v. Beattie,* 137 S. C. 496, 135 S. E. 538 (1926), this Court stated that " 'special assessments or special taxes proceed upon the theory that when a local improvement enhances the value of neighboring property that property should pay for the improvement'." Our cases are clear that, unlike a tax, a special assessment is not restricted by the uniformity requirements of Article X. See *Evans v. Beattie, supra.*

Under the authority of Act No. 1414, the Commissioners of the District propose to levy a required charge against the newly annexed area that is different from the required charge levied against the existing district. This charge will not produce any special benefit to the newly annexed area but will be used for the general operation of the District. This required contribution is a tax, not an assessment, and under Article X Sections 1 and 5 the tax must be uniform. It is conceded the charge here is not uniform.

On its face Act No. 1414 authorizes the imposition of a non-uniform tax. This is violative of Article X Section 1 and Section 5.

In view of our holding, we need not consider whether the lower court correctly found that Act No. 1414 also violates Article 1 Section 3 and Article III Section 34.

Accordingly, the order of the lower court declaring Act No. 1414 of 1970 unconstitutional is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.