22146

John W. CASEY, individually and on behalf of all others similarly situated, Respondent, v. The RICHLAND COUNTY COUNCIL as the governing body of Richland County, and Richard L. Black, as County Administrator of Richland County, South Carolina, Appellants.

(320 S. E. (2d) 443)

Supreme Court

*Richland County Atty., J. Lewis Cromer, Asst. County Atty., James L. Mann, II,* and *Sinkler, Gibbs & Simons,* Columbia, *for appellants.*

*Mitchell M. Willoughby,* of *Kneece, Kneece, Freeman, Willoughby, Ashley & Gibbons,* Columbia, *for respondent.*

July 26, 1984.

PEEPLES, Justice:

This is a Declaratory Judgment action involving Richland County's Water and Sewer Ordinance 83HR and the implementing Resolution. The trial court held the Ordinance and Resolution invalid.

Appellant, Richland County, by the Ordinance would establish, operate and maintain a water and sewer system in the unincorporated area, specifically excluding the East Richland Public Service District.

John W. Casey, Respondent, asserts the surcharge imposed by the Resolution is a tax rather than an assessment which is prohibited by S. C. Code § 44-55-1410(A) and that both the Ordinance and Resolution violate the equal protection clauses of the State and Federal Constitutions. We agree the Resolution is invalid but hold the Ordinance valid.

Respondent, a resident of the unincorporated area, receives and pays for water and sewer services from the City of Columbia and would not use the County's proposed system. Yet the Resolution would require him to pay a surcharge to Richland County.

Appellant contends the trial court erred in ignoring the presumption of validity which attaches to all legislation, *University of South Carolina v. Mehlman*, 245 S. C. 180, 139 S. E. (2d) 771 (1964), especially legislation relating to police powers, *Ward v. Town of Darlington*, 183 S. C. 263, 190 S. E. 826 (1937). We acknowledge this applicable principle in examining purported health and welfare legislation to ensure its constitutionality.

Appellant argues the trial judge erroneously held the surcharge was a tax rather than an assessment. We disagree. To be an assessment, there must be a benefit and, if none, it is a tax. Taxes are imposed on all property for the maintenance of government while assessments are placed only on the property to be benefited by the proposed improvements. *Celanese Corp. v. Strange*, 272 S. C. 399, 252 S. E. (2d) 137 (1979).

We recognize the proposed system will improve sanitary conditions in the unincorporated area which would enhance property values but disagree with Ap-

pellant's claim that this generalized benefit is sufficient to make the surcharge an assessment. *Wright v. Proffitt,* 261 S. C. 68, 198 S. E. (2d) 275 (1973), *Mills Mill v. Hawkins,* 232 S. C. 515, 103 S. E. (2d) 14 (1957). To be an assessment, the improvement must confer a benefit on property distinguishable from the general benefit enjoyed by surrounding areas. *Wright, supra.* The benefit of improved sanitary conditions would inure to all 269,735 residents of Richland County, including 101,208 residents of the City of Columbia, 42,642 people in East Richland as well as those in the unincorporated area who have private wells and septic tanks, none of whom are required to pay the surcharge. We hold the asserted benefit is general in nature and cannot be labeled an assessment. As a tax it violates Article X, Section 6 of the South Carolina Constitution which requires county taxes to be uniformly levied.

Appellant asserts the Ordinance and Resolution are not violative of the equal protection clauses of the State and Federal Constitutions. Equal protection requirements are satisfied if the classification bears a reasonable relation to a legitimate legislative interest, members of the classes are treated alike under similar conditions, and the classification rests on some rational basis. *State Ex Rel. Medlock v. S. C. Fam. Farm Dev.,* 279 S. C. 316, 306 S. E. (2d) 605 (1983).

Article VIII, Section 16 of the South Carolina Constitution and § 44-55-1410(A) of the S. C. Code authorize counties to construct and operate water and sewer systems and this was approved by Richland County voters. The Ordinance is the enactment of a lawful, legislative purpose, does not contain a disparate classification and is therefore valid.

The implementing Resolution which designates the water and sewer charges creates a class whose members are treated differently although similarly situate and without justification. Although Respondent will continue to receive and pay for water and sewer services from the City of Columbia, as will Columbia residents, only the Respondent will be compelled to pay the surcharge.

Moreover, East Richland residents are likewise in the unincorporated area, as is Respondent, but will not be subjected to

the surcharge. We agree the Resolution denies equal protection to the Respondent and his class by failing to equally treat members of the class in similar circumstances for which no rational basis is offered.

We affirm the invalidity of the Resolution but hold the Ordinance proper and reverse that part of the trial court's Order.

Affirmed in part, reversed in part.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.