22883

Ex parte James L. YEARGIN, individually and on behalf of others similarly situated, Respondent-Appellant.

In re Oliver Jackson WICKER, individually and on behalf of others similarly situated, Respondent-Appellant v. ANDERSON COUNTY COUNCIL, the governing body of Anderson County, South Carolina, Daniel L. Rhodes, David L. Hooper, James M. Cox, Jr., Harold L. Beebe, and Robert L. Wiles, Members of the Anderson County Council; and J. David Watson, Administrator of Anderson County, South Carolina, Appellants-Respondents.

(369 S. E. (2d) 844)

Supreme Court

See also, 289 S. C. 479, 347 S. E. (2d) 96.

*Michael F. Mullinax* of *Long, Thomason & Mullinax*, Anderson, *for appellants-respondents.*

*Harold P. Threlkeld* and *Michael D. Glenn*, Anderson, *for respondents-appellants.*

*Margaret C. Pope, Belton T. Zeigler, William L. Hirata*, Columbia, *Leo H. Hill* of *Hill, Wyatt & Bannister*, Greenville, and *Roy McBee Smith* of *Smith & Haskell*, Spartanburg, *amicus curiae*, for *S. C. Ass'n of Sp. Purpose Districts* and *S. C. Ass'n of Counties.*

Heard May 3, 1988.

Decided June 27, 1988.

CHANDLER, Justice:

This is an appeal from an order upholding, except as applied to certain individuals, the tax imposed by a county ordinance creating a county-wide sewer system. We affirm in part and reverse in part.

## FACTS

On December 7, 1982, Anderson County Council (Council) adopted enabling Ordinance No. 99, authorizing the creation and operation of a county-wide sewage system. *See* S. C.

Code Ann. § 44-55-1410 (1985). To implement this ordinance, Council, on April 2, 1985, enacted Ordinance No. 164 (the Ordinance) for the purpose of providing sewer service to the unincorporated area of the county.

The Ordinance empowers the Anderson County Sewer Authority to finance, construct, and operate a sewage system for the entire unincorporated area of Anderson County. This unincorporated area includes all of Anderson County outside the corporate limits of any municipality and outside the service area of any existing special sewer district. The Ordinance imposes an ad valorem tax of three mills upon all taxable property located in the unincorporated area.

Respondent-Appellant, Oliver Jackson Wicker (Wicker), lives in the unincorporated area of Anderson County but, inasmuch as he contracts with the City of Anderson for sewage service, would not use the sewer system established by the Ordinance. There are approximately 2,000 other residents of the unincorporated area of Anderson County who, like Wicker, obtain sewer service from an existing system.

On July 10, 1985, Wicker commenced this declaratory judgment action against Council. He sought a ruling that the tax imposed by the Ordinance is unconstitutional, as violative of Article X, § 6 of the South Carolina Constitution, and of the equal protection clauses of the state and federal constitutions. The Circuit Court held the tax imposed to be uniform but violative of equal protection and invalid as to Wicker and others in the unincorporated area who receive sewer service from existing systems.

Subsequent to the Circuit Court's ruling, James L. Yeargin (Yeargin) petitioned to intervene on behalf of those residents of the unincorporated area who do not receive sewage service from an existing system. His petition was denied as untimely.

Council, Wicker, and Yeargin all appealed.

## ISSUES

Council has consented to Yeargin's intervention in the action, so that the issues now are:

1. Is the tax imposed by the Ordinance uniform as required by Article X, § 6, of the South Carolina Constitution?

2. Does the tax violate the equal protection clauses of the United States and South Carolina Constitutions?

## I. UNIFORMITY

Wicker and Yeargin contend the Ordinance violates Article X, § 6, because the tax is imposed only upon the unincorporated area of the county. We disagree.

Article X, § 6, states in part:
The General Assembly may vest the power of assessing and collecting taxes in all of the political subdivisions of the State. Property tax levies shall be uniform in respect to persons and property within the jurisdiction of the body imposing such taxes; *provided, that on properties located in an area receiving special benefits from the taxes collected, special levies may be permitted by general law applicable to the same type of political subdivision throughout the State,* and the General Assembly shall specify the precise condition under which such special levies shall be assessed. (Emphasis supplied).

In S. C. Code Ann. § 4-9-30(5) (1986) the General Assembly has authorized counties to assess taxes and to make appropriations for county functions and operations, specifically including sewage collection and treatment. This provision further allows the creation of special tax districts without a referendum, provided the taxes are levied uniformly within the entire unincorporated area.

Here, pursuant to § 4-9-30(5) the Ordinance establishes a special tax district embracing the entire unincorporated area of Anderson County. An ad valorem tax of three mills is imposed upon all taxable property in the area. This procedure fully complies with the uniformity requirement of Article X, § 6.

## II. EQUAL PROTECTION

Council contends the tax, even when applied to residents receiving sewer service from existing suppliers, does not violate equal protection. On the other hand, Wicker and Yeargin contend the tax is invalid as to all residents of the unincorporated area, whether or not they presently contract for sewer service.

The requirements of equal protection are satisfied if: (1) the classification created by an enactment bears a reasonable relationship to the legislative purpose; (2) the members of the class are treated alike under similar circumstances; and, (3) the classification rests on a rational basis. *Robinson v. Richland County Council*, 293 S. C. 27, 358 S. E. (2d) 392 (1987). The burden is upon those challenging the enactment to prove lack of rational basis. *Y. C. Ballenger Elec. Contractors, Inc. v. Reach-All Sales, Inc.*, 276 S. C. 394, 279 S. E. (2d) 127 (1981).

With respect to the creation of special tax districts, prior decisions of this Court have consistently deferred to legislative determinations, refusing to strike down legislation unless palpably arbitrary, manifestly and unreasonably discriminatory, or a flagrant abuse of discretion. *Wright v. Proffitt*, 261 S. C. 68, 198 S. E. (2d) 275 (1973); *Newton v. Hanlon*, 248 S. C. 251, 149 S. E. (2d) 606 (1966); *Mills Mill v. Hawkins*, 232 S. C. 515, 103 S. E. (2d) 14 (1957); *Evans v. Beattie*, 137 S. C. 496, 135 S. E. 538 (1926). In these decisions emphasis is made that all property within the district need not benefit equally from the taxes levied.

Wicker and Yeargin have failed to demonstrate infringement of equal protection rights of residents in the unincorporated area. They contend, erroneously, that no reasonable basis exists for excluding municipalities and special sewer districts from payment of the tax. Residents of these areas are, and have been, subject to taxation by their respective governing entities for the purpose of constructing and maintaining such facilities.

We hold the Ordinance constitutional when applied to all residents within the unincorporated area. This includes those who, like Yeargin, presently receive no sewage service, as well as those who, like Wicker, receive sewage service by contract with existing facilities.

The rationale for upholding the imposition of taxes under circumstances like or similar to those here is well stated in *Mills Mill, supra:*

> We do not think that the mere fact that a taxpayer has installed water and sewer facilities which are adequate to serve his property precludes the General Assembly

from thereafter incorporating his lands in a publicly operated water and sewer district. The right of the sovereign to improve is paramount and a voluntary improvement for the owner's own convenience cannot be used to relieve him from his share of the costs where it has been determined that a general improvement is necessary.

Our decision here is consistent with *Casey v. Richland County Council*, 282 S. C. 387, 320 S. E. (2d) 443 (1984), relied upon by Wicker and Yeargin.

In *Casey* we upheld an Ordinance which empowered Richland County to impose a tax upon all residents in the unincorporated area of the County. However, we held unconstitutional an *additional* surcharge levied only against residents in the unincorporated area who received and paid for water and sewer services by contract with other suppliers. No such infirmity is present here. *Casey* is clearly distinguishable.

## CONCLUSIONS

We hold that the Ordinance is constitutional in all respects. Accordingly, the Order of the Circuit Court is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.