### 21567

James W. DOUGLAS, LeRoy Stabler, and Ray B. Edenfield, Appellants, v. Ex rel. Daniel R. McLEOD as Attorney General of the State of South Carolina, County of Lexington, County of Allendale, and all other Counties similarly situated, Respondents.

(282 S. E. (2d) 604)

*J. Leeds Barroll, IV,* Columbia, *for appellants.*

*Archie L. Harman,* Lexington, *Thomas O. Lawton ,Jr.,* Allendate, and *Asst. Atty. Gen. Kenneth P. Woodington,* Columbia, *for respondents.*

September 21, 1981.

*Per Curiam:*

This appeal challenges the constitutionality of Section 22-2-180, Code of Laws of South Carolina, 1976, and we reverse the judgment of the court below upon this ground alone. Appellants seek to present other issues which, however, we find they are without standing to raise.

Appellants, as magistrates serving Lexington and Allendale Counties, brought action by petition alleging that the petitioners were entitled to salaries based upon a uniform pay scale under Article V, Section 1, South Carolina Constitution, and that the effect of Section 22-2-180, Code, in granting power to the counties of this State to fix the amount of magisterial salaries, was to deny them this constitutional entitlement. The petition sought equitable relief by way of an injunction prohibiting the respondent counties from regulating the appellants' salaries. The trial court granted summary judgment for the respondents and we reverse, entering judgment for the appellants.

It should be noted at this point that appellants petition also challenged Sections 8-21-1000 and 8-21-1010, Code, which provide for the payment of magisterial fees into the general funds of the various counties. Appellants contended before the trial court and on appeal that these fees should instead be paid over to the State of South Carolina to provide funding for a uniform statewide system of compensation for magistrates. This Court has held that magistrates

have no right or interest in the fees generated by the performance of their duties. *State of South Carolina ex rel. Daniel R. McLeod v. Crowe*, 272 S. C. 41, 48, 249 S. E. (2d) 772. We find nothing in the record of this appeal to indicate that these appellants have any other right or interest in the disposition of these fees or in the manner in which the funds are raised for payment of their salaries, so long as compensation is in fact provided. We can see no prejudice to these appellants arising from the operation of Sections 8-21-1000 and 8-21-1010 and, accordingly, conclude that they have no standing to question the constitutionality of these provisions. *O'Shields v. McLeod*, 257 S. C. 477, 481, 186 S. E. (2d) 408; *Town of Belton v. American Employers Insurance Company*, 199 S. C. 88, 94, 18 S. E. (2d) 612; *Greenville County Fair Association v. Christenberry*, 198 S. C. 338, 342, 17 S. E. (2d) 857.

Section 22-2-180, Code, which was enacted as Section 19, Part III, Act 164 of 1979, provides in pertinent part that "the magistrates of the several counties shall receive such compensation for performance of their duties as may be fixed by the governing body of the county . . . ." We are called upon here to determine if this delegation of power to the counties is compatible with the design of a unified judicial system mandated by Article V, Section 1 of the South Carolina Constitution. We hold that it is not.

This Court has already determined that magistrates are judicial officers and by reason of Article V, South Carolina Constitution, are part of the unified judicial system. *State ex rel. McLeod v. Crowe, supra.* We have also held that the establishment of a uniform judiciary is mandatory and that statutes which extend or perpetuate a nonunified system or which operate so as to postpone or defeat the purpose of Article V must be deemed unconstitutional. *State ex rel. Riley v. Pechilis*, 273 S. C. 628, 630, 258 S. E. (2d) 433; *Crowe, supra; State ex rel. McLeod v. Court of Probate of Colleton County*, 266 S. C. 279, 291, 223 S. E. (2d) 166; *Cort Industries Corp. v. Swirl, Inc.*, 264 S. C. 142, 146, 213 S. E. (2d) 445.

The compensation of magistrates has historically been a subject of state regulation in South Carolina. Prior to our ruling in *Crowe, supra,* magistrates were compensated by a com-

bination of fees in civil cases and salaries. The amount of fees has always been set by the General Assembly and for the most part on a uniform basis statewide. Section 8-21-1010, Code. Even in granting exceptions for particular counties, the General Assembly retained control over this substantial portion of magisterial compensation. See Section 22-7-10, Code 1976, repealed by Act 164 of 1979, and local laws annotated thereunder. Likewise the salaries of magistrates were, until the adoption of Section 22-2-180, Code, set by the General Assembly either through general law (as appearing in the South Carolina Code through 1942) or by annual appropriations acts. While it must be conceded that magisterial salaries were anything but uniform under this arrangement, the striking fact remains that by custom and precedent the determination of magisterial compensation was a power vested in the General Assembly and exercised centrally long before the adoption of the revised Article V, South Carolina Constitution.

The case before us reveals a consistent pattern of state control over magisterial compensation. Against such a background, Section 22-2-180 is manifestly anomalous, even without considering the impact of revised Article V of our Constitution.

We find that the delegation of power brought about by Section 22-2-180, Code, clearly disregards the fundamental principle that such delegations to county authorities are appropriate only for the regulation of local matters. 16 C. J. S. Constitutional Law Section 140(c), p. 663; Sutherland on Statutes and Statutory Construction, 4th Edition, Section 4.07, p. 80; *Gaud v. Walker,* 214 S. C. 451, 462, 53 S. E. (2d) 316. Along with the revised Article V of the South Carolina Constitution, the people of this State also adopted an amended Article VIII, concerning local government. Section 14 of this Article provides that, in the enactment of provisions authorized thereunder, the general law provisions applicable to certain matters shall not be set aside. Among those enumerated are the following:

(4) the structure for the administration of the State's judicial system;

(6) the structure and the administration of any governmental service or function, responsibility for which rests with the State government or which requires statewide uniformity.

Paragraph 14(4 and 6) of Article VIII effectively withdraws administration of the State judicial system from the field of local concern. The conclusion is, therefore, inescapable that Section 22-2-180 works an impermissible delegation to local authorities of a power which now can only be exercised by the General Assembly.

■ The determination of magisterial compensation cannot be delegated to the counties in light of Article V, Section 1 and Article VIII, Section 14(4 and 6) of the South Carolina Constitution and in light of legislative precedent. Accordingly, Section 22-2-180, Code of Laws of South Carolina, 1976, insofar as it provides that the compensation of magistrates may be fixed by the governing bodies of the several counties is unconstitutional and invalid.

Finally, we take judicial notice of statistical data supplied by the respondent brief of the South Carolina Attorney General. It is apparent that the Office of Court Administration for South Carolina now possesses sufficient information on the operation of magisterial courts statewide to permit a rational, equitable and uniform schedule of salaries for magistrates to be developed. The precise method for developing this schedule is a question that can only properly be addressed by the General Assembly. A reasonable period of time in which to resolve these matters is, likewise, required under the terms of Section 22, Article V of the Constitution. While granting the validity of appellants' complaint in this case, it is our opinion that the respondent counties ought not to be enjoined from complying with the provisions of Section 22-2-180 until such time as the General Assembly has effected its repeal and the adoption of a uniform statewide schedule for magisterial salaries.

We hold that to allow the governing bodies of the forty-six (46) counties to determine compensation for the more than 300 magistrates, without any formula, is inconsistent with the unified court mandated by the Constitution. While compensa-

tion may be provided by the several counties, such must be in keeping with classifications established by the General Assembly.

Judgment reversed.