22037

Benson C. PARRISH, individually and as Probate Judge of Pickens County, Respondent, v. Lewis E. GILSTRAP, Treasurer of Pickens County; and Marion Charles Owens, Robert R. Nash, Elmer Willis, Michael G. Galloway, James Whitlock, and Marvin W. Ellenberg, which persons compose the Pickens County Council; and Pickens County, Appellants.

(312 S. E. (2d) 4)

Supreme Court of South Carolina.

*Felix L. Finley, Jr.*, Pickens. *for appellants.*

*Henry F. Floyd* of *Acker, Acker, Floyd & Welmaker*, Pickens, *for respondent.*

Jan. 24, 1984.

LEWIS, Chief Justice:

This appeal involves a dispute between Pickens County Council and the Probate Judge of that County over the proper disbursement of the sum of $1500.00 appropriated in the 1979-80 State Appropriations Act for the use and benefit of Probate Courts in South Carolina.

In 1979 the South Carolina General Assembly appropriated the sum of $138,000, designated as "Aid to Counties — Probate Judges," with a provision that the appropriation would be disbursed on the basis of $3,000 to each County Treasurer, of which $1500 was required to be used as a salary supplement to each probate judge and $1500 to be used to secure additional clerical help in the office of the probate judge. See Act 199, 1979 Acts of the General Assembly at pp. 573 and 575. Subsequently, the General Assembly adopted a Supplemental State Appropriations Act, in which the restriction of the 1979 Act, requiring that the appropriation of $1500 be used for additional clerical help, was amended to permit these funds to "be used for *new or existing* employees" (Emphasis added). See Act No. 519, 1980 Acts of the General Assembly p. 2267, 2291. The pertinent provisions of the 1980 amendatory Act are as follows:

> That of the amount appropriated in this section for probate judges $3000 shall be distributed to each County Treasurer, of which $1500 shall be used as a salary supplement to each probate judge, *and $1500 shall be used by each probate judge to secure additional clerical help.-The $1500 appropriation contained in this proviso to secure additional clerical help may be used for new or existing employees.* (Emphasis added).

The funds for the 1979-80 fiscal year were paid to Pickens County and, on June 30, 1980, at the end of the fiscal year, the Probate Judge for Pickens County requested that the fund of $1500 be paid as salary supplement to three named employees in designated proportions for the 1979-80 fiscal year. County Council refused to disburse these funds as directed by the Probate Judge and holds them in the General Fund of Pickens County. The Probate Judge subsequently brought this action

for a writ of mandamus to require the disbursement of the funds as requested by him. This appeal is from an order of the lower court granting the writ of mandamus. We affirm.

The only issues raised in the lower court, and therefore available to appellant on appeal, are:

(1) Does the probate judge have the authority to direct the disbursement of the funds in question for salary supplement to existing employees; and

(2) Does the probate judge have standing to maintain this action for mandamus?

The answer to the first stated question will determine the second; for, if the probate judge has sole authority to determine that the funds in question shall be disbursed as a salary supplement to existing employees, the disbursement of these funds by county council will be purely ministerial and mandamus would be the proper remedy. *Plowden v. Beattie*, 185 S. C. 229, 243, 193 S. E. 651. It would then follow that the duty placed upon the probate judge would give him standing to maintain this action to secure the proper application of the funds. Of course, if the probate judge does not have the authority to determine the application of the funds, he would have no authority or standing to maintain this action.

County Council contends in its answer that it is not required to pay the funds as directed by the probate judge "for the reason that under the terms of the 1979-80 [State] Appropriations Act and the amendment contained in the Supplement Appropriations Act and by general State law, the hiring and compensation of employees in the office of the probate judge and the appropriation of the $1500 referred to in the complaint is all within the discretion of and within the power granted by law to Pickens County Council. . . ."

The foregoing argument of County Council is, in effect, an attack upon the authority of the General Assembly to appropriate funds for the operation of the office of probate judge and direct the particular uses for which the funds must be expended.

Probate Courts are a part of the unified judicial system mandated by Article V of the South Carolina Constitution. We held in *Douglas v. McLeod*, 277 S. C. 76, 282 S. E. (2d) 604: "Section 14(4 and 6) of Article VIII (South

Carolina Constitution) effectively withdraw administration of the State judicial system from the field of local concern." Therefore, when the General Assembly appropriated the funds in question for the use and benefit of probate courts, it was acting with reference to matters within its province, and its actions were not subject to review by local authorities.

The proper expenditure of the funds in question must, therefore, be determined from the statute. The controlling statute (Act 519 of the 1980 Acts) directs that the appropriation of $1500 "shall be used by each probate judge ... for new or existing employees." The word "shall" is mandatory and requires that the funds be used as directed therein. This direction is to "each probate judge" and not to County Council. The direction for its use by the Probate Judge clearly places upon him the duty and authority to determine whether the needs of the office require "additional clerical help" or whether the best interests of the office could be served by using the State funds as a salary supplement to "existing employees."

The Probate Judge determined in this case that the funds could best be used as a salary supplement. He so directed the County Council and it had no discretion in the matter. It was the duty of County Council to perform the ministerial duty of disbursing the funds as directed by the Probate Judge.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.