### 1171

Wilma F. SMITH, Jennie Lambert, Linda Ray, James Benford and Carolyn G. Franklin, Appellants v. Norris WALLACE, Jr., Leonard L. Jonte, B. Toni Gadegbeku, Marion B. Lee, Sr., Veronica T. McCrary, John D. Moore, Burley Joe, Ted Welch, and Alvin O. White as the Board of Trustees of the School District of Williamsburg County, Respondents.

(369 S. E. (2d) 657)

Court of Appeals

*Jay Bender* of *Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for appellants.*

*David T. Duff* and *Kenneth L. Childs* both of *Childs, Duff & Hardin,* Columbia, *for respondents.*

Heard April 13, 1988.

Decided May 23, 1988.

SANDERS, Chief Judge:

Appellants are parents of school children residing in Williamsburg County. Respondents constitute the Board of Trustees of Williamsburg County School District. The parents requested the Board to make application to the Board of Trustees of Georgetown County Schools for admission of the children to schools in Georgetown County. The Board refused their requests to make application. The parents appealed the decision of the Board. The Circuit Court refused to reverse. The parents appeal the decision of the Circuit Court. We reverse and remand.

I.

The requests of the parents were based on a statute, codified as Section 59-63-480, Code of Laws of South Carolina, 1976. The first sentence of this statute provides:

If school children in one county reside closer to schools in an adjacent county, they may attend such schools upon the school authorities of the county of their residence arranging with the school officials of the

adjacent county for such admission and upon payment of appropriate charges as herein authorized.

The second sentence provides:

The board of trustees in the school district in which the pupils reside shall make written application through its county board of education to the board of trustees of the district in which the school is located for the admission of such children, giving full information as to ages, residence and school attainment, and the board of trustees in the school district, agreeing to accept such pupils, shall give a written statement of agreement.

It is undisputed that the children all reside closer to a school in Georgetown County than to a school in Williamsburg County.

The Board refused the requests of the parents on the ground that a policy of the School District "required the differential distance between the Georgetown County schools and the Williamsburg County schools to be greater than five miles." The policy on which the Board relied is entitled "Attendance at Schools in Adjacent County." The first paragraph of this policy states:

It is the policy of the Board of Trustees of Williamsburg County School District that students residing in Williamsburg County attend the schools of the County District. The Board provides, however, for limited circumstances in which students residing in the county may attend schools of an adjacent county provided the school authorities of the adjacent county grant permission for such attendance.

The last paragraph states, in pertinent part:

In rare or extreme circumstances, and for good cause shown, as determined by the Superintendent and/or Board, when attendance at schools in Williamsburg County would constitute "personal hardship" to a student or his family who resides in the county, attendance in an adjacent county will be permitted. . . .

Shortly after adopting the policy, the Board clarified what they considered to be a "personal hardship." The clarification states:

It was determined that if a child lives at least five (5) miles closer to a school in a neighboring school district than he does to the school (containing the grade he/she must attend) in the Williamsburg County School District, they would be authorized to make application for admission to enroll in the neighboring school district.

## II.

The Board urges us to affirm the decision of the Circuit Court by the application of various principles of statutory construction. (The Circuit Court applied essentially the same principles in refusing to reverse the decision of the Board.) The terms of the statute on which the requests of the parents were based are clear and unambiguous. Therefore, the principles of statutory construction urged by the Board and applied by the Circuit Court are inapplicable, and the result we are compelled to reach is controlled by the literal meaning of the terms of the statute. *See South Carolina Dep't of Highways and Pub. Transp. v. Dickinson*, 288 S. C. 189, 191, 341 S. E. (2d) 134, 135 (1986) ("Where the terms of a statute are clear and unambiguous, there is no room for interpretation and we must apply them according to their literal meaning.").

The first sentence of the statute clearly and unambiguously gives the children the right to attend schools in Georgetown County subject only to two conditions: (1) the school authorities in Williamsburg County arranging with the school authorities in Georgetown County for their admission; and (2) the payment of appropriate charges as otherwise authorized by the statute. The second sentence of the statute clearly and unambiguously requires the Board to make application for the admission of the children to schools in Georgetown County. The second sentence indicates that the admission of the children is also subject to the Board of Trustees for Georgetown County Schools "agreeing to accept such pupils." But, nowhere does the statute indicate that the Board of Trustees of Williamsburg County School District has the discretion not to make application for their admission.

The Board makes a logical argument for allowing the policy of the School District to prevail over the terms of the statute. We must reject their argument for two reasons.

"Although a regulation has the force of law, it must fall when it alters or adds to a statute." *Society of Professional Journalists v. Sexton*, 283 S. C. 563, 567, 324 S. E. (2d) 313, 315 (1984). To embrace the argument of the Board would contravene a long-standing policy of this Court:

> This court has no legislative powers. In the interpretation of statutes our sole function is to determine and, within constitutional limits, give effect to the intention of the legislature. We must do this based upon the words of the statutes themselves. To do otherwise is to legislate, not interpret. The responsibility for the justice or wisdom of legislation rests exclusively with the legislature, whether or not we agree with the laws it enacts.

*Busby v. State Farm Mut. Auto. Ins. Co.*, 280 S. C. 330, 337, 312 S. E. (2d) 716, 720 (Ct. App. 1984). The Legislature can repeal or amend its statute but neither the Board nor this Court has the authority to do so.

For these reasons, the order of the Circuit Court is reversed and the case is remanded for the entry of an order requiring the Board of Trustees of Williamsburg County School District to make application to the Board of Trustees of Georgetown County Schools for admission of the children to schools in Georgetown County.

Reversed and remanded.

SHAW and BELL, JJ., concur.