1488

POINSETT CONSTRUCTION COMPANY, INC.,
Appellant v. Mary G. FISCHER, Respondent.

(391 S.E. (2d) 875)

Court of Appeals

*Lawrence E. Flynn, Jr.,* of *Perrin, Perrin, Mann & Patterson,* Spartanburg, *for appellant.*

*John A. Hagins, Jr.,* of *Brown & Hagins,* Greenville, *for respondent.*

Heard March 12, 1990.

Decided April 16, 1990.

SANDERS, Chief Judge:

Appellant Poinsett Construction Company, Inc. brought this action seeking a determination that its statutory lien on

certain funds had priority over a security interest assigned to respondent Mary G. Fischer. The Circuit Court granted summary judgment in favor of Ms Fischer. Poinsett appeals. We reverse and remand.

## I.

The essential facts are undisputed. Install, Inc., a general contractor, gave the South Carolina National Bank a security interest in its accounts receivable. The bank perfected the security interest and assigned it to Ms. Fischer. Install employed Poinsett, a subcontractor, to perform work on the construction of a fitness center. Poinsett performed the work. Install was paid in full on the general contract, but Install did not pay Poinsett in full for the work Poinsett had performed. Poinsett obtained a judgment against Install and thereafter brought this action, alleging it has a statutory lien on the funds which Install received on the general contract and that its lien is a first lien. Ms. Fischer, on the other hand, argues that, because the security interest assigned to her was perfected before Poinsett's statutory lien came into existence, the security interest is entitled to priority over the lien. The parties agree that "[t]he question for determination is the priority of the respective liens of the parties." In other words, the issue in this case is whether Poinsett's statutory lien has priority over the perfected security interest assigned by the bank to Ms. Fischer, or vice versa.

## II.

Poinsett relies on S.C. Code Ann. § 29-7-10 (Supp. 1988). Section 29-7-10 requires building contractors to pay subcontractors out of the money received for the work the subcontractors are employed to perform. More importantly, the section grants subcontractors a statutory lien on the money received by the contractor. Even more importantly, the section provides that the lien shall be "a first lien."

Our decision is controlled by the language of Section 29-7-10. "Where a statute is clear and unambiguous, there is no room for construction, and, the terms of the statute must be given their literal meaning." *Spires v. Spires*, 296 S.C. 422, 423, 373 S.E. (2d) 698, 699 (Ct. App. 1988).When the Legislature provided that the lien granted subcontractors

is a first lien, we must conclude that the Legislature meant what it said. Therefore, we hold that Poinsett's statutory lien is a first lien and, thus, has priority over the security interest which Install gave the bank and the bank assigned to Ms. Fischer.

## III.

The Circuit Court based its ruling in favor of Ms. Fischer on the next-to-last sentence of Section 29-7-10 which provides that "nothing contained in this section shall be construed to prevent any contractor or subcontractor from borrowing money on any such contract." The Court reasoned that, because Install was allowed to borrow on the contract, this right carried with it the right to give the bank a security interest in money due under the contract. We agree that Install had the right to give the bank the security interest, but it does not follow that the security interest would necessarily be a first lien. To so construe the quoted sentence would directly contradict the previous provision of the section specifically providing that the lien granted subcontractors is a first lien. "[A] statute must receive such construction as will make all of its parts harmonize with each other and render them consistent with its general scope and object. . . ." *Crescent Mfg. Co. v. South Carolina Tax Comm'n,* 129 S.C. 480, 493-94, 124 S.E. 761, 765 (1924).

The Circuit Court further reasoned that: "To give a subcontractor a priority, without recording anything after another loan was previously made, would not be fair to lenders, and would not be economically viable and contrary to the public interest and the public good." In our opinion, an equally sound argument can be made that it would be just as commercially troublesome and every bit as unfair to allow a general contractor to collect money for work performed by a subcontractor and then, instead of paying the subcontractor for its work, use the money to pay a previous loan. In any event, neither the Circuit Court, this Court, nor, for that matter, any court has the authority to construe a statute based on its own notion of whether the statutory scheme is a good idea. To do so would contravene a fundamental principle of statutory construction:

> In the interpretation of statutes our sole function is to determine and, within constitutional limits, give effect to the intention of the legislature. We must do this based upon the words of the statutes themselves. To do otherwise is to legislate, not interpret. The responsibility for the justice or wisdom of legislation rests exclusively with the legislature, whether or not we agree with the laws it enacts.

*Smith v. Wallace,* 295 S.C. 448, 452, 369 S.E. (2d) 657, 659 (Ct. App. 1988)

## IV.

Ms. Fischer cites two sections contained in Article 9 of the Uniform Commercial Code. These sections are codified in South Carolina as Sections 36-9-104 and 36-9-310. Section 36-9-104 says that, except as provided in Section 36-9-310, Chapter 9 does not apply to a lien given by statute. Section 36-9-310 provides for the "[p]riority of certain liens arising by operation of law." However, the section does not address the lien provided by Section 29-7-10. Thus, Chapter 9 has nothing whatsoever to do with Poinsett's statutory lien.

Ms. Fischer makes an imaginative but disingenuous argument. She argues that, because Section 36-9-310 does not establish the priority of Poinsett's statutory lien, the lien does not have priority over the security interest assigned to her by the bank. Simple logic compels the rejection of her argument. Just because Section 36-9-310 does not establish the priority of the statutory lien does not mean that the lien is not a first lien. Rather, it simply means that Chapter 9 does not apply, one way or the other, to the lien.

Moreover, the South Carolina Reporter's Comments to Section 36-9-310 explicitly support the conclusion that Poinsett's statutory lien has priority over the security interest assigned to Ms. Fischer. The Reporter begins by saying "Article 9 recognizes that statutory liens for services or materials are of local public policy determination and therefore are generally exempt from coverage." The Reporter concludes by listing a number of statutory liens which have priority over a perfected security interest.

Among those listed is the lien granted by Section 29-7-10.

## V.

Ms. Fischer finally argues that "the subcontractor's sole remedy is criminal penalties against the contractor." In support of her argument, she calls attention to Section 29-7-20 which provides that, under certain circumstances, a contractor who does not pay a subcontractor is subject to the imposition of criminal penalties. Section 29-7-20 does not, however, indicate that the imposition of criminal penalties is the exclusive remedy under the circumstances. Indeed, if Section 29-7-20 were so construed, it would render meaningless the lien granted to subcontractors by Section 29-7-10. *See Crescent Mfg. Co.*, 129 S.C. 480, 124 S.E. 761 (a statute must be construed to harmonize its parts and make them consistent with its general scope and purpose). For these reasons, the judgment of the Circuit Court is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.