## 24364

Sarah G. DAVIS, Plaintiff v. THE COUNTY OF GREENVILLE, C. Wade Cleveland, Dick Herdklotz, Robert W. Leach, Paul B. Wickensimer, Lottie Gibson, Richard A. Ashmore, James S. Patterson, Rick Blackwell, George E. Bomar, Bob Cook, Allen Johnson, Fletcher N. Smith, Jr., all in their official capacities as members of the Greenville County Council; and Gerald Seals, in his official capacity as the County Administrator for Greenville County, Defendants. Mildred STOKES, Plaintiff v. THE COUNTY OF GREENVILLE, C. Wade Cleveland, Dick Herdklotz, Robert W. Leach, Paul B. Wickensimer, Lottie Gibson, Richard A. Ashmore, James S. Patterson, Rick Blackwell, George E. Bomar, Bob Cook, Allen Johnson, Fletcher N. Smith, Jr., all in their official capacities as members of the Greenville County Council; and Gerald Seals, in his official capacity as the County Administrator for Greenville County, Defendants. Shirley KEATON, Plaintiff v. THE COUNTY OF GREENVILLE, C. Wade Cleveland, Dick Herdklotz, Robert W. Leach, Paul B. Wickensimer, Lottie Gibson, Richard A. Ashmore, James S. Patterson, Rick Blackwell, George E. Bomar, Bob Cook, Allen Johnson, Fletcher N. Smith, Jr., all in their official capacities as members of the Greenville County Council; and Gerald Seals, in his official capacity as the County Administrator for Greenville County, Defendants.

(470 S.E. (2d) 94)

Supreme Court

· *W. Andrew Arnold* and *Suzanne E. Coe,* Greenville, *for plaintiff.*

*Glenn R. Goodwin* of *Ogletree, Deakins, Nash, Smoak & Stewart, L.L.P.,* Greenville, *for defendants.*

Heard Oct. 31, 1995.

Decided Jan 8, 1996; Reh. Den. Feb. 9, 1996.

## ON CERTIFICATION FROM
## THE UNITED STATES
## DISTRICT COURT

WALLER, Justice:

The following questions have been certified to this Court by the United States District Court for the District of South Carolina:

1. Does a county governing body possess the power and authority pursuant to S. C. Code Ann. § 22-1-10(A) (Supp. 1994) to determine the number of magistrate positions it wishes to fund every four years, subject only to a maximum number calculated in accordance with § 22-8-40(B) (1989), or does the General Assembly possess the power and authority pursuant to § 22-2-40(A) to determine the number of magistrate positions by establishing a ratio formula found in § 22-8-40(B), thereby providing the exact number or quota of magistrate positions that must be funded by each county?

2. If §§ 22-1-10(A), 22-2-40(A) and 22-2-40(B) of the South Carolina Code are construed so as to allow county governing bodies to determine the number or quota of magistrate positions they wish to fund every four years (subject to statutory maximum), is that construction constitutional in light of South Carolina Constitution Article V, § 1 & 26, and Article VIII, § 14?

## FACTS

Plaintiffs were appointed by the Governor to serve as magistrates of Greenville County,[1] their terms to expire on April 30, 1994. Greenville notified plaintiffs it was eliminating their magisterial positions effective May 1, 1994. Plaintiffs instituted this action for declaratory relief, challenging County's authority to eliminate their magisterial positions.

---

[1]S.C. Const. Art. V, § 26 provides that "The Governor . . . shall appoint a number of magistrates for each county as provided by law. The General Assembly shall provide for their terms of office and their . . . jurisdiction."

## DISCUSSION

S.C. Code Ann. § 22-2-40(A) (1989) requires the General Assembly to provide for the number and location of magistrates in each county. However, S.C. Code Ann § 22-1-10(A) (Supp. 1994) permits the Governor to appoint magistrates in each county for four-year terms, and requires each county governing body to inform, every four years, the Senators representing that county of the number of full-time and part-time positions available in the county.

Greenville County contends, in requiring counties to notify their Senators of the number of magisterial positions available, the Legislature delegated to the counties the determination of the number of magistrates positions. In support of this contention, it cites S.C. Code § 22-8-40(B) (1989), which establishes a county's number of magistrates, as follows:

> The **maximum** number of magistrates in each county is the greater of that number determined by taking one magistrate for every twenty-eight thousand persons in each county or that number determined by taking the average of the ratio of one magistrate for every twenty-eight thousand persons in each county as provided in item (2) . . . and the ratio of one magistrate for every one hundred fifty square miles of area. . . .

(Emphasis supplied). County contends that in setting forth a maximum number, the Legislature gave it discretion to determine the number of magistrate's positions it wishes to fund. We disagree. To accept County's construction would render the statute unconstitutional.

S.C. Const. Art. V, § 1 creates the unified judicial system, which includes magistrates court system. *State ex rel McLeod v. Crowe,* 272 S.C. 41, 249 S.E. (2d) 772 (1978). Article VIII of the South Carolina Constitution deals generally with the creation of local government. Article VIII, § 14 limits the powers local governments may be granted by state law by providing that, among other things, local governments may not set aside the structure for and the administration of the State's judicial system. *Robinson v. Richland County Council,* 293 S.C. 27, 358 S.E. (2d) 392 (1987). We recognized this principle in *Douglas v. McLeod,* 277 S.C. 76, 282 S.E. (2d) 604 (1981), Stating "[a]rticle VIII effectively with-

draws administration of the State judicial system from the field of local concern." Accordingly, it is clear under article VIII that counties have no authority to alter the structure of the magisterial branch of the judicial system.

To construe §§ 22-8-40 and 22-1-10 as County suggests would permit it to eliminate all magisterial positions in Greenville County and effectively abolish the magistrate court system there. Clearly, a construction of the statutes which would permit it to abolish a branch of the judicial system would be unconstitutional. *Douglas v. McLeod, supra* (statutes which operate so as to defeat the purpose of Article V must be deemed unconstitutional).

All statutes are presumed constitutional and will, if possible, be construed so as to render them valid. *Last v. MSI Construction Co.*, 305 S.C. 349, 409 S.E. (2d) 334 (1991); *Mitchell v. Owens*, 304 S.C. 23, 402 S.E. (2d) 888 (1991) (statutes are presumed to be constitutional and will be construed so as to render them valid). [A] statute must receive such construction as will make all of its parts harmonize with each other and render them consistent with its general scope and object. . . ." *Crescent Mfg. Co. v. South Carolina Tax Comm'n*, 129 S.C. 480, 493-94, 124 S.E. 761, 765 (1924); *Poinsett Constr. Co. v. Fischer*, 301 S.C. 343, 391 S.E. (2d) 875 (Ct. App. 1990). Accordingly, we construe the statutes so as to render them constitutional.

As we read § 22-8-40(b), there are two alternative formulas which must be used in ascertaining the appropriate number of magistrates, as follows:

(2) There is established a ratio of one magistrate for every twenty-eight thousand persons in each county. . . .

(3) There is established a ratio of one magistrate for every one hundred fifty square miles of area in each county of the state as a factor to be used in determining the base salary as provided in this section.

The maximum number of magistrates in each County is the greater of that number determined by taking one magistrate for every twenty-eight thousand persons in each county or that number determined by taking the average of the ratio of one magistrate for every twenty-eight thousand persons in each county as provided in item

(2) . . . and the ratio of one magistrate for every one hundred fifty square miles of area. . . .

Since Article VIII, § 14 withdraws administration of the judicial system from local concern, counties are without authority to determine the number of magistrates they wish to have. Accordingly, we construe the above formula as requiring the county to have either 1 magistrate per 28,000 persons or 1 per 150 square miles, whichever is higher.[2]

## CONCLUSION

We hold that the Legislature may not, constitutionally, delegate to counties the authority to determine the number of magistrates they wish to fund. Accordingly, we find that § 22-8-40(B) requires counties to fund the higher number of magistrates mandated by application of the formulas therein.

Certified questions answered.

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.

---

[2] For example, if a county has 56,000 people (entitling it to 2 magistrates based upon population) and 900 square miles (entitling it to 6 magistrates based upon area), it is required to have 4 magistrates based upon the average of the two figures.