480 S.E.2d 718

DIAMONDS, Mike Cannon and Jack Galardi, Respondents,

v.

GREENVILLE COUNTY, Appellant.

No. 24567.

Supreme Court of South Carolina.

Heard June 4, 1996.

Decided Jan. 27, 1997.

W. Howard Boyd, Jr. and Ronald K. Wray, II, of Gibbes, Gallivan, White & Boyd, P.A., Greenville, for appellant.

Suzanne E. Coe, Greenville, for respondents.

WALLER, Justice:

On appeal is an order finding Greenville County (Appellant) has no constitutional power to enact a local ordinance prohibiting public nudity. We affirm.

## FACTS

On June 27, 1995, Appellant enacted Ordinance 2727, making it unlawful for any person to appear nude in public or to operate any public place where persons would be appearing nude (subject to certain exceptions).[1] Respondent Diamonds (owned by Respondents Cannon and Galardi), a nightclub in Greenville County, brought a declaratory judgment action seeking to have the ordinance declared unconstitutional. After both parties moved for summary judgment, the circuit

---

1. Portions of Ordinance 2727 pertinent to the issue involved in this case are printed below:

    *Section 2. Violation.* It shall be unlawful for any person to knowingly or intentionally appear nude in a public place or in any other place that is readily visible to the public. It shall also be unlawful for any person or entity maintaining, owning, or operating any public place to knowingly, or with reason to know, permit or allow any person to appear in a state of nudity in such public place.

    *Section 3. Exemptions.* This Ordinance shall not apply to:

    (a) Photographs, movies, video presentations, or any other non-live performances;

    (b) Any place provided or set apart for nudity as defined above; or

    (c) The conduct of being nude when (i) it constitutes a part of a bona fide live communication, demonstration or performance by a person wherein such nudity is expressive conduct incidental to and necessary for the conveyance or communication of a genuine message or public expression and is not a mere guise or pretense utilized to exploit the conduct of being nude for profit or commercial gain and as such is protected by the United States or South Carolina Constitution or (ii) it is otherwise protected by the United States or South Carolina Constitution.

court judge declared the ordinance void, finding it conflicted with state constitutional law.

## ISSUE

Is Ordinance 2727 in conflict with Article VIII, Section 14 of the South Carolina Constitution?

## DISCUSSION

■ The Supreme Court has articulated a four-prong test to use in evaluating the validity of a government regulation under First Amendment attack. Under this test, a regulation will be valid if it is " 'within the constitutional power of the government; if it furthers an important or substantial government interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.' " *Barnes v. Glen Theatre,* 501 U.S. 560, 567, 111 S.Ct. 2456, 2461, 115 L.Ed.2d 504, 512 (1991) (quoting *United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672, 680 (1968)). We recognized this test in *Connor v. Town of Hilton Head,* 314 S.C. 251, 442 S.E.2d 608 (1994).

■ In his order, the trial judge found the first prong of the *Barnes* test had not been met; he declined to address the other three prongs because both parties had conceded those would be met. Therefore the only issue now before this court is whether the ordinance is within the constitutional power of Appellant to enact. The analysis appropriate for the first prong of the *Barnes* test was further set out in *Hospitality Ass'n v. County of Charleston:*

Determining if a local ordinance is valid is essentially a two-step process. The first step is to ascertain whether the county or municipality that enacted the ordinance had the power to do so. If no such power existed, the ordinance is invalid and the inquiry ends. However, if the local government had the power to enact the ordinance, the next step is to ascertain whether the ordinance is consistent with the Constitution or general law of this State.

320 S.C. 219, 224, 464 S.E.2d 113, 116–17 (1995).

■ Under state law, counties have the authority to enact ordinances "in relation to health and order in counties or

respecting any subject as appears to them necessary and proper for the security, general welfare, and convenience of counties or for preserving health, peace, order, and good government in them." S.C.Code Ann. § 4–9–25 (Supp.1995). An ordinance addressing public nudity would fall within this broad grant of power.

In declaring the ordinance invalid, the trial judge found a conflict with Article VIII, Section 14 of the state constitution, which reads:

In enacting provisions required or authorized by this article, general law provisions applicable to the following matters shall not be set aside:

(1) The freedoms guaranteed every person; (2) election and suffrage qualifications; (3) bonded indebtedness of governmental units; (4) the structure for and the administration of the State's judicial system; (5) *criminal laws and the penalties and sanctions for the transgression thereof;* and (6) the structure and the administration of any governmental service or function, responsibility for which rests with the State government or which requires statewide uniformity.

(emphasis added). The trial judge relied on *Connor* in holding Appellant could not enact a general ban on public nudity when state law did not make such conduct unlawful. We find this reliance was correctly placed.

In *Connor,* a municipality enacted an ordinance making it unlawful to participate in nude or semi-nude dancing or to own or operate a sexually-oriented business (defined to include a nightclub or bar where such dancing is performed). The court stated the scope of a municipality's power to enact ordinances was a question of state law. While under state law a municipality has general power to enact ordinances,[2] the court construed Article VIII, Section 14(5)'s mandate that state criminal laws not be "set aside" to *"prohibit a municipality from proscribing conduct that is not unlawful under State criminal laws governing the same subject."* 314 S.C. at 254, 442 S.E.2d at 609 (emphasis added). Because state criminal

---

**2.** *See* S.C.Code Ann. § 5–7–30 (Supp.1995) (essentially granting the same broad powers to municipalities as section 4–9–25 grants to counties).

laws addressing the subject of public nudity do not prohibit nude dancing alone,[3] the ordinance conflicted with this constitutional section and therefore was invalid.

In this case, the same rationale applies. Ordinance 2727 has the effect of making it unlawful to appear nude in public, even if no state laws addressing the same subject are violated in the process. For this reason the ordinance cannot stand.

The dissent argues *Connor*'s interpretation of Article VIII, Section 14 is too broad. In the dissent's view, the existence of state criminal laws addressing nudity is not enough; a local ordinance will only "set aside" a state law when it is actually inconsistent with that state law. We disagree.

*Connor*'s holding is supported by the comments of the drafters of the proposed section, which was added as part of major revisions made to the state constitution in the early 1970s. A special committee was created, headed by John C. West (the "West Committee"), to recommend these revisions. Regarding proposed Article VIII, Section 14 (which was adopted by the legislature verbatim), the West Committee commented, "There are certain fundamentals related to freedom which should be treated only by the State and *should not be left to local variation or abuse.*" *Final Report of the Committee to Make a Study of the South Carolina Constitution of 1895,* at 91 (1969) (emphasis added). One of the Committee's major concerns regarding this constitutional provision was the "local government's making an act a crime that was not a crime under state law." 2 James L. Underwood, *The Constitution of South Carolina* 133, 134 (1989). Finally, our language regarding Article VIII, Section 14 in other cases shows that we have consistently interpreted that section broader than only prohibiting local governments from adopt-

---

3. *See* S.C.Code Ann. § 16–15–130 (Supp.1995) (unlawful for a person to wilfully, maliciously, and indecently expose his person in a public place); S.C.Code Ann. § 16–15–365 (Supp.1995) (unlawful for a person to wilfully and knowingly expose private parts in a lewd and lascivious manner in presence of another person); S.C.Code Ann. §§ 16–15–305(B), –305(C) (Supp.1995) (defining obscenity in part as depicting sexual conduct in patently offensive way, sexual conduct including "lewd exhibition, actual or simulated, of the genitals, pubic hair, anus, vulva, or female breast nipples including male or female genitals in a state of sexual stimulation or arousal or covered male genitals in a discernably turgid state").

ing ordinances that conflict with state general law. *See Davis v. County of Greenville*, 322 S.C. 73, 470 S.E.2d 94 (1996) (Davis Adv.Sh. No. 1 at 11, 14) (Construing Article VIII, Section 14(4) as effectively withdrawing the subject "from the field of local concern"); *Robinson v. Richland County Council*, 293 S.C. 27, 30, 358 S.E.2d 392, 395 (1987) (stating Article VIII, Section 14 "precludes the legislature from delegating to counties the responsibility for enacting legislation relating to the subject encompassed by that section").

We thus hold the trial court was correct in finding Appellant's enactment of Ordinance 2727 was unconstitutional and therefore invalid.

**AFFIRMED.**

FINNEY, C.J., MOORE, J., concur.

TOAL, J., concurring in separate opinion.

BURNETT, J., dissenting in separate opinion.

TOAL, Justice, concurring in result with the majority opinion.

Specifically, I agree with the majority that *Barnes v. Glen Theatre*, 501 U.S. 560, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991), and *Connor v. Town of Hilton Head*, 314 S.C. 251, 442 S.E.2d 608 (1994), control the result of this case: Where the General Assembly has "occupied the field" in an area of criminal law by describing what conduct is permissible or what is proscribed, localities are not free to alter those standards.[1] Furthermore, under *Barnes*, special examination of a local law is warranted where, as here, the law implicates important First Amendment concerns.

I write separately simply to note that I do not read the majority opinion in this case as being inconsistent with my position in *Martin v. Condon*, 324 S.C. 183, 478 S.E.2d 272 (1996) (Toal, J., dissenting). *Martin v. Condon* concerned the

---

1. The authority of the General Assembly to enact local option legislation that gives cities or counties choices about the legality of alcohol or gambling is a separate question which involves state constitutional issues but does not implicate the First Amendment as does a law governing public nudity.

authority of the General Assembly to allow localities to choose whether cash payouts on video poker games should be legal. In that case, the General Assembly *wanted* to allow counties to hold local option elections so that each county could make its own determination about the legality of video poker. Our Court held that the General Assembly's local option legislation constituted special legislation violative of the South Carolina Constitution. I dissented, arguing local option legislation concerning alcohol and gambling has long been considered permissible general legislation and should continue to be treated as such.

This case is entirely different from *Martin*, however. Here, the General Assembly's legislation evinced a plain intent that the question of public nudity be treated uniformly throughout South Carolina. Under these circumstances, localities cannot step in and criminalize activity that is permissible under the statewide statutory scheme. Accordingly, I concur.

BURNETT, Justice, dissenting:

I respectfully dissent. In my opinion, Article VIII, § 14 of the South Carolina Constitution does not prohibit local governments from criminalizing conduct which is not unlawful under State law.

Appellant Greenville County (County) enacted Ordinance 2727 which makes it unlawful for any person to knowingly or intentionally appear nude in public or to operate any public place where persons would be appearing nude.[1] Respondent Diamonds, a nightclub specializing in "adult entertainment," brought this declaratory judgment action seeking to have the ordinance declared unconstitutional.

South Carolina Constitution Article VIII, § 14, provides:

In enacting provisions required or authorized by this article, general law provisions applicable to the following matters shall not be set aside:

(1) The freedoms guaranteed every person; (2) election and suffrage qualifications; (3) bonded indebtedness of governmental units; (4) the structure for and the administration of

---

1. The ordinance has several exceptions, each of which respondents concede would be met.

the State's judicial system; (5) criminal laws and the penalties and sanctions for the transgression thereof; and (6) the structure and the administration of any governmental service or function, responsibility for which rests with the State government or which requires statewide uniformity.

When construing the Constitution, the Court applies rules similar to those relating to the construction of statutes. *McKenzie v. McLeod,* 251 S.C. 226, 161 S.E.2d 659 (1968). In construing a statute, the Court must give clear and unambiguous terms their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Gilstrap v. South Carolina Budget and Control Bd.,* 310 S.C. 210, 423 S.E.2d 101 (1992).

Article VIII, § 14 does not **require** statewide uniformity of general law provisions regarding "criminal laws and the penalties and sanctions for the transgression thereof." Instead, the preamble to Article VIII, § 14, provides "general law provisions applicable to the following matters shall not be **set aside.**" (emphasis added). The plain meaning of this provision requires local enactments "set aside" some existing provision of the general law before a constitutional violation occurs.

Ordinance 2727 is not inconsistent with any State law relating to nudity and, therefore, does not "set aside" any criminal laws enacted by the State. Accordingly, I would hold that the enactment of Ordinance 2727 does not violate Article VIII, § 14 of the South Carolina Constitution.

The majority relies on *Connor v. Hilton Head Island,* 314 S.C. 251, 442 S.E.2d 608 (1994), where this Court held, *inter alia,* a municipal enactment prohibiting nude dancing violative of Article VIII, § 14, even though no State law prohibited nude dancing. In my opinion the *Connor* Court erred. The Court held that conduct which is not unlawful under State laws cannot be made unlawful by local enactment. In effect, the Court provides all conduct is lawful unless made unlawful by enactment of the General Assembly. Article VIII, § 14 does not yield to such an interpretation. Local government enactments which are not inconsistent with any State law do not "set aside" any criminal laws enacted by the General Assembly. *See Town of Hilton Head Island v. Fine Liquors, Ltd.,* 302 S.C. 550, 397 S.E.2d 662 (1990) (in order to preempt

an entire field, an act must make manifest a legislative intent that no other enactment may touch upon the subject in any way).

The majority also relies on *Davis v. County of Greenville,* 322 S.C. 73, 470 S.E.2d 94 (1996), and *Robinson v. Richland County Council,* 293 S.C. 27, 358 S.E.2d 392 (1987). Neither of these decisions, however, addressed the validity of local legislation which set aside a subject encompassed by Article VIII, § 14 of the South Carolina Constitution.

I would reverse and I would overrule *Connor* insofar as it holds that local governments may not criminalize conduct which is not unlawful under statewide criminal law.