# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Arthur L. Jayroe, Jr., in his Capacity as Chief Magistrate of Newberry County, Plaintiff,

v.

Newberry County, South Carolina and Wayne Adams, Defendants,

and

The Honorable Hugh K. Leatherman, Sr., in his capacity as President Pro Tempore of the South Carolina Senate, Intervenor.

Appellate Case No. 2015-000373

---

## IN THE ORIGINAL JURISDICTION

---

Opinion No. 27548
Heard June 16, 2015 – Filed July 22, 2015

---

## QUESTION ANSWERED "NO"

---

Desa A. Ballard and Harvey M. Watson, III, both of Ballard & Watson, of West Columbia, for Plaintiff.

Steve A. Matthews and Sarah P. Spruill, both of Haynsworth Sinkler Boyd, P.A. and James E. Smith, Jr., of James E. Smith, Jr., P.A., all of Columbia, for Defendants.

Kenneth M. Moffitt, Edward H. Bender and Elizabeth H. Brogdon, Counsel to the South Carolina Senate, for Intervenor, President Pro Tempore Hugh K. Leatherman, Sr.

————————

**PER CURIAM:**  We granted plaintiff's request that we exercise our original jurisdiction to "determine whether [defendants] have the authority to abolish part-time magistrate positions in Newberry County."  S.C. Sup. Ct. Order dated May 7, 2015.  We hold defendants do not have such authority and therefore answer the question "No."  We also note that no Newberry County magistrate position has been abolished.

## FACTS

Plaintiff, formerly the part-time Chief Magistrate of Newberry County, brought this action in the Court's original jurisdiction to determine whether defendants Newberry County and Wayne Adams, County Administrator, have the authority to abolish part-time magistrate positions in Newberry County.  In addition, the Court permitted the Senate President Pro Tempore to intervene in this action.  Defendants and the Intervenor agree with plaintiff that defendants do not have such authority, contending that all of defendants' actions have been done in compliance with the South Carolina Constitution and applicable statutes.

Plaintiff was a part-time magistrate in Newberry County.  Under the formula established by S.C. Code Ann. § 22-8-40(C) (2007), Newberry County is entitled to three magisterial positions.  Under this statute, four part-time magistrates equal one full-time magisterial position.  Section 22-8-40(E).  During the four year period expiring April 30, 2015, Newberry's three magisterial positions were filled by two full-time magistrates and three part-time magistrates, one of whom was plaintiff.  *See* S.C. Code Ann. § 22-1-10(A) (Supp. 2014) (last sentence of second paragraph).  Defendant Newberry County is statutorily mandated to notify the senatorial delegation[1] representing Newberry County in writing of the number of magistrate positions available in the county, as well as other information, as the terms near expiration.  S.C. Code Ann. § 22-1-10 (A) (third paragraph).

———————————

[1] A single senator represents all of Newberry County.

Defendant Newberry County, acting through defendant Adams pursuant to a vote taken at a County Council meeting, wrote its senator invoking § 22-1-10(A) on August 21, 2014.  In this August letter, the County requested its three magisterial positions be filled with three full-time magistrates, thus discontinuing the use of part-time magistrates.  On June 2, 2015, the Governor appointed Magistrate Barry Koon as a full-time magistrate to fill the magisterial position formerly filled by three part-time magistrates, two of whom were petitioner and Koon.  On that same date, the Senate confirmed the appointment.  *See* S.C. Const. art. V, § 26.[2]  The other two magisterial positions in Newberry County were also filled by full-time magistrates.

## ISSUE

> Do defendants have the authority to abolish a part-time
> magistrate position in Newberry County?

## ANALYSIS

Plaintiff argues that, in effect, § 22-1-10(A) delegates the authority to abolish part-time magistrate positions to Newberry County.  He contends this statute violates this Court's decision in *Davis v. County of Greenville*, 322 S.C. 73, 470 S.E.2d 94 (1996).  In *Davis*, the Court held that counties cannot "abolish" a magistrate's position, nor may a county, consistent with the unified judicial system, abolish magistrate courts entirely within a given county.  *Davis*, *supra*.  Neither of these constitutionally forbidden acts has occurred here.

Plaintiff contends this language in § 22-1-10(A) is an unconstitutional delegation of authority to the county government:

---

[2] This section provides:

> The Governor, by and with the advice and consent of the
> Senate, shall appoint a number of magistrates for each county
> as provided by law.  The General Assembly shall provide for
> their terms of office and their civil and criminal jurisdiction.
> The terms of office must be uniform throughout the State.

At least ninety days before the date of the commencement of the terms provided in the preceding paragraph and every four years thereafter, each county governing body must inform, in writing, the Senators representing that county of the number of full-time and part-time magistrate positions available in the county, the number of work hours required by each position, the compensation for each position, and the area of the county to which each position is assigned. If the county governing body fails to inform, in writing, the Senators representing that county of the information as required in this section, then the compensation, hours, and location of the full-time and part-time magistrate positions available in the county remain as designated for the previous four years.

According to plaintiff, this statute delegates to the county control over the number of magistrate positions in violation of the constitutional rule set forth in *Davis*. We disagree.

The number of magisterial positions in a given county is determined by the formula established in S.C. Code Ann. § 22-8-40(C) and (D) (2007), subject to an agreement pursuant to S.C. Code Ann. § 22-2-40(C) (Supp. 2014) or to "termination" pursuant to S.C. Code Ann. § 22-1-30(B) (Supp. 2014).[3] Here, there is no dispute that the number of magisterial positions in Newberry County is three, and that there was no agreement between Newberry County and its senator to increase or decrease this number as provided in § 22-2-40(C), nor was any magisterial position "terminated" in accordance with § 22-1-30(B). It is true that in their August 2014 letter, defendants asked that the county's three magisterial positions be filled by three full-time judges. That this letter contains merely a request negates plaintiff's assertion that defendants "control" the number of magisterial positions in Newberry County. Further, in arguing that his position

---

[3] Plaintiff purports to challenge the constitutionality of these statutes, but lacks standing since there was no agreement pursuant to § 22-2-40(C) nor was he terminated pursuant to § 22-1-30(B). To the extent he seeks to invoke "public interest standing" to challenge the statutes, he ignores both the scope of the question we agreed to decide, and the Court's firm policy of declining to decide a constitutional challenge unless necessary to a resolution of the case. *E.g. S.C. Dep't of Soc. Servs. v. Cochran*, 356 S.C. 413, 589 S.E.2d 753 (2003).

was abolished, plaintiff misapprehends the statutory scheme: the reallocation of Newberry County's three magisterial positions from a combination of full and part-time judges to three full time magistrates does not constitute a change in the number of magisterial positions in the county. In other words, no position has been "abolished."

We accepted this matter in our original jurisdiction to answer the question whether defendants have the authority to abolish part-time magistrate positions in Newberry County. We agree with all parties that defendants have no such authority, and further agree with defendants and the Intervenor that no part-time or full-time Newberry County magisterial position has been abolished. Rather, as permitted by § 22-4-80(E), the part-time magisterial positions, including the one previously held by plaintiff, have been combined into one full-time magistrate position, and the Newberry County magistrates have been lawfully appointed pursuant to S.C. Const. art. V, § 26. While we decline plaintiff's invitation to expand the scope of this case to address issues of an alleged constitutional conflict between S.C. Const. art V, § 26 and art. V, § 4, and his related statutory claims, we have reviewed all of plaintiff's arguments and find nothing of merit warranting the exercise of our authority to add necessary parties[4] and address these additional arguments.

## CONCLUSION

Defendants Newberry County and Adams do not have the authority to abolish part-time magistrate positions in Newberry County.

**QUESTION ANSWERED NO.**

**PLEICONES, Acting Chief Justice, BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**

---

[4] For example, the Governor would be a necessary party.